## McKoy *vs.* Edwards.

1. That the levy of an execution against one defendant does not state as the property of whom the seizure is made, is no ground of illegality.

2. Where illegality to execution levied on land is based on the falsity of the return of the constable that there was no personal property to be found, it is insufficient to allege that defendant has a sufficiency of personal property on which to levy; it should be distinctly averred that defendant had such property at the time of the levy, and that it was subject.

Levy and sale.    Illegality.    Before Judge CRISP.    Sumter Superior Court.    October Adjourned Term, 1880.

Reported in the opinion.

ALLEN FORT, for plaintiff in error.

B. P. HOLLIS, for defendant.

HAWKINS, Justice.

On the twenty-eighth day of June, 1878, Edwards obtained a verdict for fifty dollars principal in a justice court against McKoy. On the second day of July thereafter, W. N. Guery, constable, made an entry of no personal property upon which to levy the *fi. fa.*, and on the same day levied the same on real estate belonging to the defendant McKoy, with full description of the property levied on except to state as whose property. McKoy filed an illegality to the same, upon the grounds :

1. That the levy was insufficient in not saying " as whose property" it was levied.

2. That he traverses the return of W. N. Guery, constable, that there was no personal property to be found upon which to levy the *fi. fa.*, and says that he had a sufficiency of personal property in his possession on which to levy said *fi. fa.*

The illegality was returned to Sumter superior court, and

on the trial the plaintiff in *fi. fa.* demurred to said illegality, and the defendant offered to amend by making Guery a party, and try with the illegality the traverse of the bailiff's return on said *fi. fa.*, alleging therein that the traverse was filed at the first term of the court after notice of the entry. The court refused the amendment and sustained the demurrer to the illegality, to which the defendant in *fi. fa.* excepts, and these are the assignments of error:

1. The execution was against but one defendant and the whole property was levied on, and there was a sufficient description of the property to pass a good title thereto at a legal sale.

2. Whether the entry of no personal property was true or false, it being on the *fi. fa.* an innocent purchaser at the sale would have gotten a good title.

It was a fixed rule at the common law that the return of an officer could not be traversed or demurred to; the remedy was by suit against the officer for a false return.

Our statute has changed the common law as to returns of a sheriff or other officer of the court, but whether it can be extended to bailiffs and officers of justice and other courts not of record, seems to be doubtful. But it is unnecessary here to decide, as this traverse is insufficient in law in this, that it fails to declare that the defendant, McKoy, had personal property at the date of the return subject to levy and sale sufficient to pay said execution, or that he did not point out the real estate. The illegality should have put in issue every material element contained in the levy; that he had then personal property sufficient, not that he "has personal property," etc., when the traverse is filed, as he may have acquired the personalty afterwards. Also that the personal property in his possession was subject to levy and sale. He may have had personal property sufficient to pay ten times the amount and none of it be subject to levy and sale, as for instance, he may have had a homestead or exemption therein.

The return of the bailiff may be true for all that appears in the affidavit of illegality. It was too uncertain, and the court committed no error in refusing to allow the same and in dismissing the illegality.

Judgment affirmed.