## RUNYAN v. HOBGOOD.

The statute provides that except in cases where the defendant in a justice court fi. fa. points out for levy land in his possession, a constable is without authority to levy such fi fa. on land, unless there is no personal property to be found sufficient to satisfy the debt. Where a constable makes an entry on a justice court fi. fa. of "Due search made and no personal property found on which to levy this fi. fa.," it is no traverse of his return to simply allege that no search was made. In order to make an issue it must be averred in the traverse that the defendant did have personal property on which to levy the fi. fa.

JULY 19, 1913.

Traverse of constable's return. Before Judge Fite. Gordon superior court. August 28, 1912.

*J. M. Lang,* for plaintiff. *O. N. Starr,* contra.

EVANS, P. J. A justice court fi. fa. was levied on land, and a claim was interposed. Prior to the levy on the land the constable endorsed this entry on the fi. fa.: "Due search made and no personal property found on which to levy this fi. fa." The claimant filed a traverse to this return, averring that its falsity consisted in the fact that at the time of the entry the constable had not made any search for personal property. The case was heard by the court by consent of parties. The claimant submitted testimony tending to show that the constable made the entry upon presentation of the fi. fa. to him, without going to the defendant's house to search for personal property. The court sustained the traverse.

The Civil Code, § 4767, provides that "No constable shall levy [a justice court fi. fa.] on any land, unless there is no personal property to be found sufficient to satisfy the debt, which fact must appear by an entry on the execution to be levied by a constable of the county where such execution was issued, or where the property to be levied upon may be found: Provided, that the defendant shall have the right in all cases to point out any portion of his property in his possession he may think proper; and should he point out land to be levied upon, the above entry of 'no personal property' may be omitted." The object of the statute is to require satisfaction of justice court executions by levy and sale of personal property, unless the defendant therein points out land in his possession. It is the lack of personal property owned by the defendant which authorizes the levy on land, and not the failure of the constable to search for it. *McKoy* v. *Edwards, 65 Ga. 328.* Of course

a conscientious officer would not make the entry of "no personal property" without some endeavor to find personal property, unless his knowledge of the defendant, his environment and property, was such that he knew that he had no personal property. The preliminary requisite to the levy of the fi. fa. on land is the entry of "no personal property" on it. That is the officer's return, and a traverse of it must put that fact in issue, viz.: that the defendant had no personal property on which to levy the execution at the time of the entry. The traverse in the instant case did not challenge the verity of the return that the defendant had no personal property on which to levy; it simply denied that the officer had made a search. The traverse was insufficient in law, and the evidence was also insufficient to show the falsity of the essential part of the constable's return.

*Judgment reversed. All the Justices concur.*