party,—if it was brought about solely by his negligence; if the railroad company shows that fact, then the plaintiff in this case cannot recover." Error, because the law is, that plaintiff cannot recover where the injury was the result of his own negligence, and the use of the word "solely" unduly restricted the jury.

W. W. BROOKES, W. T. TURNBULL and HALL & HAMMOND, for plaintiff in error.

WRIGHT & MEYERHARDT, *contra.*

---

THARPE *v.* PEARCE.

Since the adoption of the code, in order to render any judgment of a tribunal in a sister State admissible in evidence in this State, it must be authenticated in the mode provided by the act of Congress, if that act applies to it; and if not, its authentication must be under the great seal of. the State, as required by section 3825 of the code in respect to foreign judgments, that section declaring that "Foreign laws and judgments must be authenticated under the great seal of their respective States." Parol evidence alone, or in connection with docket entries whether original or a copy, is not admissible to establish here the rendition of a judgment by a justice of the peace in Alabama, or to prove the contents of such judgment.      *Judgment reversed.*

April 4, 1892. Argued at the last term.

Foreign judgment.    Evidence.    Before Judge MARTIN.    Muscogee superior court.    May term, 1891.

Pearce sued out attachment against Tharpe, returnable to a magistrate's court of Muscogee county, upon the ground of the non-residence of Tharpe.    He obtained a judgment in that court.    Tharpe's *certiorari* was overruled, and he excepted.    The errors alleged in the petition for *certiorari* (which was not substantially controverted by the answer of the magistrate) were : Upon the trial plaintiff introduced as a witness one Gibson and offered to prove by him, orally, that in 1886 he was a justice of the peace at Crawford, Russell county, Ala-

bama.   The defendant objected to the testimony as be-
ing.illegal and not competent to prove such fact in the
magistrate's court in Georgia.   The objection was over-
ruled.   Plaintiff then handed Gibson a small book and
pointed to the following entries therein : "1886, Aug.
24, summons issued ; 1886, Aug. 28, returned executed ;
continued by court until next 4 Saturday in September ;
Sept. 28, case called for trial, both parties present. This
day came the plaintiff and defendant in open court,
after hearing allegations and proof of the case, a judg-
ment was rendered against the defendant for sixty-eight
dollars.   (Signed) F. J. Gibson, J. P."—and asked the
witness if that was the judgment he rendered in Ala-
bama.   To this question and the affirmative answer the
defendant objected as illegal and incompetent to prove
the action of the justice, or to prove the judgment. This
objection was overruled.   Plaintiff then offered in evi-
dence the original judgment, to which defendant ob-
jected as not being legally or properly proved.   This
objection was overruled.   The plaintiff testified that
defendant owed the debt and it was due, and that he had .
sent the account to Alabama to be sued, and now he
brought the judgment obtained.   This was not denied,
and the magistrate rendered judgment for the plaintiff,
which also was assigned as error.

A. A. DOZIER, by brief, for plaintiff in error.

J. L. WILLIS, by brief, *contra.*

---

STONE, next friend, *v.* FRANKLIN, sheriff, *et al.*

A testator who made his will in 1850 and died in 1865, directed that
certain of his lands be and continue in possession of his wife for
and during her life, and at her death be equally divided between
his two daughters, to be conveyed to them by his executors "for
and during their natural lives each, and if they or either of them
should die leaving no lawful issue, then the said lands are to go to
the rest of my children or their legal representatives" ·