### BERTODY *vs.* ISON.

1. The defendant on the trial of an affidavit of illegality is not entitled to assume the burden of proof by admitting the apparent regularity of the *fi. fa.* and levy, and alleging that the judgment is void for want of service, and thereupon open and conclude the argument. The new rule of court passed in 1879 alters the old rule as to claim cases, but not as to cases of illegality.

2. Whether or not certain testimony of defendant, which was rejected by the court, should have been admitted, such ruling did not injure the defendant, where he gave the same testimony in another part of his evidence, and it was before the jury in substance.

3. Where there was expert testimony in a case, and upon request of counsel to charge concerning it, the court did so, and charged correctly thereon, if counsel were not satisfied and desired fuller instructions to be given on that point, they should have made request therefor.

November 21, 1882.

Illegality. Evidence. Practice in Superior Court. Rules of Court. Practice in Supreme Court. Before Judge STEWART. Spalding Superior Court. February Term, 1882.

Reported in the decisions.

BECK & BECKS, for plaintiff in error.

JOHN I. HALL, for defendant.

JACKSON, Chief Justice.

1. Three legal questions are made in this record. First, on the trial of the issue made by affidavit of illegality, which party has the conclusion, the plaintiff in execution or the defendant? So far as we know, the practice has always been, as the court below ruled, to give it to the plaintiff. Have the new rules of court changed the old rule, and given it to the defendant in a case where, admitting the apparent legality on its face, he alleges that the judgment is void because he did not acknowledge service, and was not served with the declaration and process?

In respect to affidavits of illegality, the rule is unaltered; in respect to claims, it is changed. The old rule is as follows:

"In all cases of claims, as the burthen of proof rests with the plaintiff in execution, he is entitled to the conclusion, but if the claimant introduces no evidence, he shall have the conclusion; and the plaintiff in execution shall in every case pay the jury fee; and in cases of illegality, the plaintiff in execution shall in like manner pay the jury fee, and conclude." 2d Kelley, 469.

The new rule is in the following words:

"In all cases of claims, where the burthen of proof rests with the plaintiff in execution, he is entitled to the conclusion; but if the claimant introduces no evidence, he shall have the conclusion; and in cases of illegality, the plaintiff in execution shall in like manner conclude." Code, p. 1347, rule 13.

The point is, do the words "in like manner," in the last rule, mean that in illegality cases the defendant shall have the conclusion where he assumes the burden of proof? He is nowhere named in the entire rule.

The claimant is alluded to directly in the part of it referring to the trial of claims. The omission to mention the defendant is significant. Thus it would seem that

Bertody *vs.* Ison.

while the rule in claim cases is altered, in illegalities it is not.

The words " in like manner " are in both, but the argument of the counsel for plaintiff in error, based on these words, fails to satisfy us that the legality rule was altered. One of this court presided in the convention of circuit court judges, and he has no recollection of any intention to alter the practice, except in claim cases, and the rule remains the same as to illegalities.   Besides, the burden is necessarily on the plaintiff to make a *prima facie* case by putting an execution fair on its face in evidence, and a legal levy thereon.   That being done, the case is with him, and the verdict will be for him, and the execution will be directed by the judgment to proceed, unless his case thus made is shown by defendant to be for some legal cause not proceeding in accordance with law—either that the execution or judgment or levy is bad, or that some other defect exists.   To put the case as favorably as possible for plaintiff in error, it is quite certain that the ruling accords with the practice, and unless it be clear that the practice is altered by the rule now of force, it ought not to be disturbed.   It is not clear, but quite doubtful, to say the least, and *stare decisis* in the practice of the superior courts in regard to their own rules of practice will not be disturbed by us.

2. Secondly, the testimony of defendant ruled out did not hurt.   He swore the same thing elsewhere, and it was before the jury in substance.   It is unreasonable to think that its exclusion affected the verdict.

3. Thirdly, if the plaintiff in error desired a more specific charge in respect to the testimony of experts, he should have notified the judge.   The judge was requested to charge upon it; he did so; the defendant made no further request; it is, therefore, reasonable to believe and conclude that the judge thought he was satisfied.

The testimony was admitted to the jury for their consideration, and when in, it was for them to weigh it with

the other testimony, and to come to a just conclusion from the whole testimony on the point—that of experts and others who had seen defendant write and were familiar with his hand writing. Such is the substance of the charge as given. We see no error in it as far as it goes, and if the defendant wished more, he should have said so. 31 *Ga.*, 424; Code, §§3868, 3840.

Judgment affirmed.