### 6564.  JAMES *v.* EDWARD THOMPSON CO.

BROYLES, J. 1. A codefendant residing in a different county from that in which the suit is brought may waive the issue of a second original and process, and such waiver will bind him. *Humphries* v. *McWhorter,* 25 *Ga.* 37.

(a) In such a case it is not necessary that the acknowledgment of service be written upon the second original. It may be made upon a separate piece of paper and attached to the petition. *Hill* v. *Hatcher,* 53 *Ga.* 292.

(b) An acknowledgment of service may be made before the declaration or petition is filed. *Steadman* v. *Simmons,* 39 *Ga.* 591 (3); *Weslow* v. *Peavy,* 51 *Ga.* 210; *Langford* v. *Driver,* 70 *Ga.* 588 (4).

2. On the trial of an affidavit of illegality the burden is on the plaintiff in fi. fa. to make a prima facie case by putting in evidence an execution, fair on its face, and a legal levy thereon. When this is done the burden is shifted from the plaintiff to the defendant to support his allegation of the illegality of the execution or levy, but in such a case the plaintiff still retains the right to open and conclude the argument. Civil Code, § 6271; *Bertody* v. *Ison,* 69 *Ga.* 317.

3. There was no error in admitting in evidence the certified copy of the acknowledgment of service. Civil Code, § 5798.

4. None of the charges complained of contain error.

5. The verdict was amply supported by the evidence.

                    *Judgment affirmed.*

DECIDED FEBRUARY 3, 1916.

Affidavit of illegality; from city court of Atlanta—Judge H. M. Reid. March 6, 1915.

*W. A. James,* for plaintiff in error.

*Arnaud & Donehoo,* contra.