## CITY OF CAMILLA *et al. v.* COCHRAN *et al.*

1. Where there is a mass attack by divers owners of abutting property upon the legality of an assessment for street paving, the remedy by illegality is not as adequate and complete as the remedy by injunction. In such a case, to prevent a multiplicity of suits, equity will interfere by injunction.

2. Generally where owners of property abutting upon streets attack an assessment levied upon their property to cover their portions of the cost of such improvement, not on the ground that it is wholly unlawful, but only on the ground that it is excessive, they should pay or offer to pay what they admit to be due, as a condition precedent to the grant of injunctive relief.

(a) Where the evidence is conflicting on the question whether such owners had offered to pay what they admit to be due on such assessment, and where they offer in their petition to pay the same, and where the judge grants the injunction upon the condition that they pay what they

admit to be due, the judgment of the trial judge granting such injunction will not be reversed upon the ground that they had not paid or offered to pay such amount.

3. Where the County of Mitchell and the State Highway Department paved a roadway of the width of twenty feet through certain streets of the City of Camilla, and paid the cost thereof from funds derived from the State and Federal governments, and where said city paved the remaining portions of said streets, it was unlawful for the city, under the power granted in its charter to assess two thirds of the cost of paving its streets against the owners of property abutting thereon and against such property, to embrace in its assessments against such owners and their property the cost of paving said roadway, the city not having paid the same and being in no way liable therefor.

4. The trial judge did not err in refusing to pass an order allowing the city, in making a reassessment, to include therein certain specified sums for alleged expenditures incurred in paving its streets. Such reassessment should be made by the mayor and aldermen of the city, in accordance with the method pointed out in *Bacon* v. *Savannah*, 91 *Ga.* 500 (2) (17 S. E. 749), and should include any legitimate items of cost incurred by the city in paving the portions of the street paved by it, and in grading the entire street for the purpose of the pavement of the same.

### No. 4777. MAY 14, 1925.

Injunction.    Before Judge Custer.    Mitchell superior court. January 31, 1925.

On June 9, 1924, the mayor and aldermen of the City of Camilla passed an ordinance providing for the grading, regrading, drainage, and paving, to the width of 50 feet, of portions of South Scott Street and West Broad Street in that city. By this ordinance two thirds of the cost of this improvement was assessed against the real estate abutting upon the portions of these streets so to be improved; and the remainder of such cost was to be borne by the city and paid out of funds realized from the sale of bonds which had been previously issued by the city for said paving. This ordinance provided for the issuance of executions against the owners of real estate abutting on said streets, and against said real estate, for the assessments levied against said abutting real estate. On July 10, 1924, the City of Camilla entered into a contract with the Davis Construction Company for the paving of said portions of said streets according to certain plans and specifications prepared by the city engineer; and agreed to pay said contractor for said work, when completed in accordance with the provisions of their contract, the price set forth in the proposal made by the contractor for said improvement, amounting to approximately $69,039.94.

The city reserved the right, after one third of the contract price had been paid, to discontinue cash payments to the contractor, and to make payments of the balance up to two thirds of the contract price in fi. fas. against property owners, which were to be paid in from one to five years, with 6 per cent. interest. On July 10, 1924, the State Highway Department and the Davis Construction Company entered into a contract by which the latter agreed to furnish the material and do the work of constructing 10.676 miles of the Albany-Camilla-Pelham concrete road, known as the Dixie Highway. This stretch of road embraced the portions of the streets which the city proposed to pave under the above ordinance.

On December 9, 1924, the board of county commissioners of Mitchell County, by resolution duly adopted and spread upon its minutes, "agreed to pay for one half of the paving of a twenty-foot roadway through the cities of Camilla and Pelham, the paving to be put down by the State Highway Department and the county on a fifty-fifty basis." This roadway passed through the streets for the pavement of which the mayor and aldermen of the city passed the above resolution of June 9, 1924. On December 8, 1924, the mayor and aldermen of the City of Camilla passed a resolution providing that all property owners against whom costs had been or would be assessed in accordance with said ordinance of June 9, 1924, should be allowed to give their notes in five equal amounts for the executions issued against them for non-payment of assessments made against them and their property for the paving of the above streets, said notes to be payable in one, two, three, four, and five years respectively, with interest at the rate of 6 per cent. per annum; and that upon default in the payment of any of said notes the executions issued against the property of the owners so defaulting should proceed. There was no contract in writing between the City of Camilla and the board of county commissioners for the paving of the streets of Camilla which constitute a part of the Dixie Highway; and there is no minute or record of any provision or resolution relating to such contract, either upon the minutes of the city or of the board of county commissioners, except the following order on the minutes of said board, passed at its meeting of March 11, 1924: "It is ordered further that Federal aid be applied for in the paving of the Dixie Highway from the southern limits of Pelham to the northern limits

of Camilla, and that immediate aid be applied for in the paving of a twenty-foot roadway from the G. A. S. & C. Railroad crossing on the Dixie Highway in the City of Camilla to the A. C. L. Railroad crossing in the City of Camilla, same to be done in conjunction with the engineers employed in paving by the City of Camilla, and the commissioners bind themselves to pay for their one half of said twenty-foot roadway, subject to the receipts of funds from the sale of bonds, regardless of Federal aid for the other one half of roadway, and that the same consideration be extended to the town of Pelham for paving along the said Dixie Highway, upon request." By a resolution passed on December 9, 1924, said board "agreed to pay one half of the paving of the twenty-foot roadway through the Cities of Camilla and Pelham, the paving to be put down by the State Highway Department, and the county on a 50-50 basis." Said roadway through the streets of Camilla was paved under the contract between the Davis Construction Company and the State Highway Department; and the remainder of the pavement of said streets was done under the contract between the City of Camilla and the Davis Construction Company. The County of Mitchell and the State Highway Department paid to the contractor for paving said roadway approximately $17,000. In making its assessments for the paving done upon said streets the city included said sum. The county and the Highway Department received from the Federal government funds for the paving of said roadway. While there was no written contract of file or on record between the city and Mitchell County to that effect, the board of commissioners of roads and revenues of the county did orally agree to assist the city in paving the portions of North Scott Street and East Broad Street, which constitute a part of the Dixie Highway; and applied for State and Federal aid for said city for said paving, and in pursuance of that agreement the resolution of March 11, 1924, was passed and spread upon the minutes of said board. It was orally agreed by said commissioners for said county, that, if the city would pave the balance of said streets, the county would assist the city to the extent of paving a strip 10 feet wide in said streets, provided the city would do all the curbing and grading preparatory to said paving, and do the same class of paving as required by the State Highway Department. Both parties, acting in conjunction with the State Highway Department, performed their undertakings under said agreement.

Upon the completion of the paving of the above portions of these streets the city assessed against lots abutting thereon the entire cost of the paving thereof, including said twenty-foot roadway constructed and paved by the county. Executions issued against the owners of said lots for the enforcement of the payment of these assessments. The plaintiffs and intervenors, who are numerous, filed their equitable petition against the City of Camilla, its mayor and aldermen, and the Davis Construction Company, in which they sought to enjoin said executions, on the grounds: (a) that the city had no authority to assess against the property abutting on said streets the cost of grading and paving intersecting streets; (b) that the city had no power to assess more than two thirds of the cost incurred by it in grading and paving said streets against abutting property; (c) that the inclusion in said assessments of the cost of the paving done by the State Highway Department and the county, as if the cost thereof had been borne by the city, is unauthorized, and the assessments are excessive to the extent that such cost is embraced therein; and (d) that the ordinance of the city above referred to did not authorize the grading and paving of any street for a width greater than 50 feet. The petitioners further alleged that they had tendered and now tender to the city and to the construction company the cost of grading and paving said portions of said streets upon which their property abuts, after the cost of paving intersecting streets and the paving done by the State Highway Department and county has been deducted from the whole charge made.

The defendants demurred to the petition, on the grounds: (1) that it set forth no cause of action; (2) that the plaintiffs have a complete and adequate remedy at law; and (3) that it fails to allege that plaintiffs had tendered to the defendants, or any of them, any specified sum admitted to be due by them to the city. On the hearing of the application for injunction the defendants urged the grounds of their demurrer as reasons why the court should not grant a temporary injunction. The plaintiffs introduced testimony showing that the county and the State Highway Department, with Federal aid, paved said roadway of 20 feet through these streets, with which the city had nothing to do and for the cost of which it was in no wise responsible. The defendants introduced evidence showing that the cost of lowering water-pipes

in these streets amounted to $4000; that the cost of grading, curbing and paving the intersections of these streets and the cost of curbing, draining, and putting in manholes, amounting to $9765.22, was not included in said assessments against plaintiffs; that the State Highway Department agreed with the city to do the actual paving for the width of 10 feet, the county to assist to a like width along that portion of the Dixie Highway which runs through these streets, provided the city would complete the pavement of said streets to the curbing and would do all the grading and other work preparatory to said paving, and provided the city would do the same class of paving as was being done by the State Highway Department; that the county agreed to pay for paving of 10 feet of said roadway through these streets; and that the Highway Department, the county, and the city fully performed their said undertakings.

At the conclusion of the evidence counsel for the defendants requested the court to provide by order that the city be allowed, in recalculating said assessments, to include the said sum of $9765.22 expended as above stated. The court refused to pass such order, and to this ruling the defendants excepted. The court granted the injunction prayed for, upon the plaintiffs, and such others as should intervene, within ten days paying to the city the amount of the assessment against each, recalculated upon the basis of crediting on the entire cost of the paving of the streets abutting on the property of each the cost of a twenty-foot part of said paving shown by the evidence to have been paid by funds of the county and State Highway Department with Federal aid, and providing that if the plaintiffs and intervenors did not so pay, the injunction should stand dissolved. To this judgment the defendants excepted and assign error thereon as being contrary to law.

*J. D. Gardner* and *E. M. Davis,* for plaintiffs in error.

*E. E. Cox* and *Pope & Bennet,* contra.

HINES, J. (After stating the foregoing facts.)

1. It is insisted that the plaintiffs had an ample remedy at law by affidavit of illegality, as provided by the act of August 19, 1919 (Acts 1919, p. 867), under which this paving was done; and that for this reason the trial judge erred in granting an interlocutory injunction. The affidavit of illegality provided by this

act furnishes a sufficient remedy at law, and precludes the grant of injunctive relief, where an individual owner of land, abutting upon streets which have been paved under this act, seeks to resist the enforcement of an execution based upon an assessment against his property to cover his share of the cost of the improvement, upon the ground that the assessment, or some part thereof, is unlawful. *Rice* v. *Macon,* 117 *Ga.* 401 (43 S. E. 773) ; *Mayor &c. of Gainesville* v. *Dean,* 124 *Ga.* 750 (53 S. E. 183). Where there is a mass attack by several owners of abutting property, upon the legality of an assessment for street paving, the ground of attack being common to all, the remedy by illegality is not as adequate and complete as the remedy by injunction. In such a case, to prevent multiplicity of suits, equity will interfere by injunction. *Sanders* v. *Gainesville,* 141 *Ga.* 441 (81 S. E. 215) ; *Wilkins* v. *Savannah,* 152 *Ga.* 638 (111 S. E. 42). So the trial judge, in granting an interlocutory injunction, did not err for the reason that plaintiffs had an adequate remedy at law.

. 2. It is next urged by counsel for the plaintiffs in error that the trial judge should have refused a temporary injunction, on the ground that the plaintiffs had not paid or offered to pay the amounts which they admit to be due by them upon the assessments levied by the city to cover their portions of the cost of paving these streets. It is familiar law that he who seeks equity must do equity. Civil Code (1910), § 4521. So where owners of property abutting upon streets attack an assessment, not on the ground that it is wholly unlawful, but only on the ground that it is excessive, they should pay or offer to pay what they admit to be due, in order to contest that which they claim to be excessive. This is a sound rule of equity. National Bank *v.* Kimball, 103 U. S. 732 (26 L. ed. 469) ; *Lanham* v. *Rome,* 136 *Ga.* 398 (71 S. E. 770). In their petition the plaintiffs allege that they had offered to pay to the city and the contractor one-third of the cost of paving these streets, and that they had tendered and now tender such cost. Their petition was duly verified, and was read in evidence on the hearing. So the trial judge had before him, not only this allegation of the offer of the plaintiffs to pay what they admit to be due, but proof of such offer. The fact that this allegation was denied by the defendants created only

a conflict in the evidence, which the trial judge settled in favor of the plaintiffs.

3.   This brings us to decide the important and controlling question in this case; and that is whether or not the city was justified in embracing in its assessments against these owners and their lands the cost of paving the twenty-foot roadway which the Highway Department of the State and the county constructed through the portions of these streets which the city resolved to pave by its ordinance of June 9, 1924.   The City of Camilla is authorized to assess the cost of paving and otherwise improving its streets against the owners of real estate abutting on said streets, as well as against said real estate, provided the amounts so assessed against property owners for said purposes shall in no instance be more than two thirds of said cost.   Ga. Laws 1919, p. 867.   The term "cost," as used in this act, clearly means the amount which the city had to expend in paving its streets.   If the city expended nothing in paving these streets, or portions thereof, it would not be authorized to make an assessment against the property abutting thereon to cover the cost of such improvement, when the same was done by the county and the Highway Department of the State in constructing a State highway, and when the city did not pay such cost and was in no way liable for such cost to the county and the State Highway Department or either of them.   The fact that the county and the State Highway Department agreed to pave a roadway of twenty feet through these streets, with funds derived from the State and the Federal government, in order to assist the city in improving these streets, would not justify the municipality in embracing in its assessment the cost of paving such roadway. The city could only include in its assessment the cost incurred by it in paving the remainder of the streets.   The benefit flowing from the constructing of this roadway inured to the benefit of the owners of property abutting on these streets as well as to the municipality.

This question has not heretofore been before this court for decision.   In *Bacon* v. *Savannah, 86 Ga.* 301 (12 S. E. 580), this court was dealing with the power of the City of Savannah to pave a portion of the width of a street without requiring a street-railway to pave its track in said street and two feet on either side thereof at their own expense.   This court held such proceeding legal.   In

delivering the opinion of the court Chief Justice Bleckley said that the owners of property abutting on the street could not be assessed for the cost of paving the track of the street-railway and the two feet on either ,side thereof, whether made or not. This question was not before this court in *Mayor &c. of Washington* v. *Faver,* 155 *Ga.* 680 (117 S. E. 653). When the case cited was again before this court in *Faver* v. *Mayor &c. of Washington,* 159 *Ga.* 568 (126 S. E. 464), this question was not before this court for decision. Among the points of law which perplexed and divided this court when that case was before this court the second time was the question of the effect of section 7 of article 5 of the act of August 18, 1919 (Acts 1919, p. 251), which provides for the reimbursement of counties for money expended in the construction of State-aid roads, and the issuing by the State Highway Department of certificates to the County of Wilkes for the full cost of paving the streets of the City of Washington, upon the assessments levied by the city against the property abutting upon the streets paved. The majority of the court held that the fact that the State Highway Department had issued to the County of Wilkes certificates under the provision of the above act for the full cost of paving these streets would not relieve the owners of abutting property from the payment of assessments levied by the city for the cost of such pavement, it not being alleged that the certificates had been paid and that the city had been reimbursed for the payment of the cost of paving these streets. That question is not the one with which we are confronted in this case. We are of the opinion that the City of Camilla, not having made any expenditure for paving this roadway of the width of 20 feet through the streets for the paving of which it levied the assessments involved in this case, was without authority to embrace in such levy the cost to the county and State Highway Department of the paving of this roadway; and that the trial judge properly enjoined the collection of so much of this assessment as embraced the cost of paving this roadway.

4. Counsel for the defendants requested the trial court to provide by order that the city be allowed to reassess the owners of property abutting on these streets and the property itself, so as to include certain expenditures incurred by the city in lowering water-pipes in these streets, which became necessary in order to

pave the same, and the further cost of grading, curbing, and paving the intersections of these streets, which was not included in the original assessments against the plaintiffs. The court refused to pass such order, and to this ruling the defendants excepted. As there has been no legal assessment against the several parcels of real estate, by reason of the fact that the cost of paving this roadway was included in the assessment made by the city against the owners of abutting property and the property itself, it becomes necessary for the city to make a reassessment, showing the total cost of the work of paving the portions of these streets not embraced in said roadway, and the apportionment of two thirds of such cost against the owners of abutting parcels and the parcels themselves. All legitimate items of such cost can be embraced in such reassessment. *Bacon* v. *Savannah,* 91 *Ga.* 500 (17 S. E. 749). The right of the municipality to make this reassessment is not dependent upon authority granted by the trial court, but must be derived from the charter of the municipality. The exercise of this right must be evidenced by municipal legislation. So the judge did not err in refusing to pass an order allowing the city to embrace in its previous assessment the items named. This should be done in accordance with the method pointed out in the case last cited. Upon the right of the city to embrace the cost of paving intersections of streets, see *Kaplan* v. *Macon,* 144 *Ga.* 97 (86 S. E. 219). All questions growing out of such reassessment can be heard and determined upon the final hearing of the matters involved in this case.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*