## CHARLESTON.

W. F. BURGESS, MRS. C. A. WEIGHTMAN, EMILY V. RIGGS, S. A. COCKAYNE and GERTRUDE SCHWOB, *who sue on behalf of themselves and all other persons similarly situated v.* F. A. McNINCH, *Sheriff of Marshall County, and the* TOWN OF GLENDALE, *a municipal corporation*

(C.C. No. 403)

Submitted April 27, 1927.    Decided October 4, 1927.

1.  MUNICIPAL CORPORATIONS—*Invalid Part of Municipal Charter Granted by Circuit Court Will Not Affect Validity of Incorporation (Code, c. 47).*

    An invalid part of a municipal charter, granted by the Circuit Court under Chapter 47 of the Code, will not affect the validity of the incorporation.  (p. 253.)

    (Municipal Corporations, 43 C. J. § 49 [Anno].)

2.  TAXATION—*Bill to Enjoin Collection of Taxes Must Tender or Offer to Pay Taxes Conceded Due or Which Court Can See Ought to be Paid.*

    A bill for an injunction to stay the collection of taxes must tender or offer to pay such taxes as are conceded to be due,

or as the court can see ought to be paid, as a condition prece-
dent to the granting of such relief.    (p. 253.)

(Taxation, 37 Cyc. p. 1271.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Marshall County.

Suit by W. F. Burgess and others, on behalf of them-
selves and all other persons similarly situated, against F. A.
McNinch, Sheriff of Marshall County, and another for an
injunction.    From a decree overruling a demurrer to the bill
of complaint, defendants appeal.

*Decree reversed; demurrer sustained.*

*McCamic & Clarke* and *Jay T. McCamic,* for appellants.

*D. B. Evans, Walter A. McGlumphy* and *Martin Brown,*
for appellees.

LITZ, JUDGE:

The Town of Glendale, in Marshall County, is a municipal
corporation chartered by the circuit court under Chapter
47 of the Code.    The Glendale Improvement Company, owner
of the land from which the town was originally formed, re-
served a strip one foot wide separating the lots and streets
as then laid out from the lands south of said strip.

The order and certificate of incorporation, dated the 7th
day of February, 1924, provide that the corporation shall not
collect any taxes or assessments on property south of the one
foot strip until the municipality shall have acquired the strip
from the Glendale Improvement Company.

The bill prays for an injunction restraining (a) the defend-
ant F. A. McNinch as Sheriff of Marshall County from sell-
ing the lands of the plaintiffs situated within the corporate
limits of said town, and south of the one foot strip, for
municipal taxes levied thereon in the year 1924; and (b) the
defendant Town of Glendale from assessing or collecting any
taxes upon said lands.    The grounds for relief are (1) that
the Town of Glendale has not been legally chartered; (2)
that if it has been legally chartered, the lands of the plaintiffs

are by the terms of the charter exempt from taxation until such time as the town shall have obtained from Glendale Improvement Company the strip of land theretofore reserved by it; (3) that the Town not having been incorporated until after January 1, 1924, could not assess taxes for that year; and (4) that a delinquent list of the taxes in question was not returned and recorded in the office of the clerk of the county court as required by law.

The validity of the charter is attacked on the ground that the circuit court improperly sustained a demurrer to the petition of certain remonstrants, including the plaintiffs in this case, protesting against the incorporation. The certificate of incorporation, having been granted by the court in the exercise of proper jurisdiction, cannot be attacked collaterally. Even in a direct proceeding by writ of error findings and orders of the circuit court in such cases are not subject to review by this court, unless plainly arbitrary or capricious. *West* v. *West Virginia Fair Assn.*, 97 W. Va. 10.

The charter provision exempting the property of the plaintiffs from taxation is void as being in excess of the jurisdiction of the circuit court to grant certificates of incorporation, but does not affect the validity of the charter. "It is elementary law that an invalid part of a charter or statute does not invalidate the whole act." 1 McQuillin Municipal Corporations, 765.

The third point of error is also without merit. The taxes in controversy were levied for governmental expenses of the fiscal year beginning July 1, 1924. The taxes being a valid lien upon the lands of the plaintiffs, which may be enforced in equity as well as by ordinary tax sale through the Sheriff, the discharge of the same is a proper condition to relief in equity for irregularities in the return of delinquency.

A bill for an injunction to stay the collection of taxes must tender or offer to pay such taxes as are conceded to be due, or as the court can see ought to be paid, as a condition precedent to the granting of such relief. *Blue Jacket &c. Co.* v. *Scherr,* 50 W. Va. 533, 40 S. E. 514; *Morenci &c. Co.* v. *Greer,* 127 Fed. 199; *Railroad Tax Cases,* 92 U. S. 575; *City* v. *Coch-*

*rane,* (Ga.) 128 S. E. 194; *Nat'l. Bank* v. *Kimball,* 103 U. S. 732.

The order of the circuit court overruling the demurrer to the bill is reversed, and the demurrer sustained.

*Decree reversed; demurrer sustained.*