22751, 22761. FOWLER *v.* MAYOR AND ALDERMEN OF MILLEDGEVILLE; and *vice versa.*

DECIDED SEPTEMBER 5, 1933. REHEARING DENIED SEPTEMBER 27, 1933.

*Frank W. Bell, Hammond & Kennedy,* for plaintiff in error.

*Spalding, MacDougald & Sibley, Hines & Carpenter, Erwin Sibley,* contra.

SUTTON, J. The charter of the City of Milledgeville as amended authorizes the city to pave its streets in the manner pointed out therein. Ga. L. 1900, p. 345, et seq., as amended (Ga. L. 1925, p. 1199). Sections 3 and 5 thereof authorize the mayor and aldermen of said city to grade and pave its streets by passing an ordinance for that purpose, in which they shall prescribe the location, character, and manner of the improvement desired. The original charter of said city requires that an ordinance shall be read three times in council before its passage. Sections 4 and 6 of said amended charter provide that said paving ordinance shall be passed "under the rules providing for the passage of ordinances in said city, and when a copy of said resolution or ordinance shall have been posted at some conspicuous place frequented by the public in the city hall for seven days, the resolution or ordinance shall become final and binding, unless, prior to the expiration of the seven days notice by posting in the city hall a majority of the owners of land abutting on the street . . to be improved" shall file with the clerk and treasurer of the city their written protest against said "improvement, stating their objections thereto." By section 8 of the charter amendment it is provided that at the next regular meeting of council after their filing, such objections shall be inquired into by the mayor and aldermen, and should they overrule them they shall proceed to make the improvement. By section 9 thereof it is provided that when the ordinance shall become final and binding the mayor and aldermen shall proceed with the improvement in accordance therewith, but that no contract for the work shall be let "until

after notice has been published in a newspaper having general circulation in the City of Milledgeville, once a week for two weeks, in which notice a general description of the improvements to be made shall be given, the time and place that bids shall be received, the form of bids, and a statement of where the plans and specifications may be inspected shall be contained in said notice. After publication of the above-mentioned notice all the property owners to be assessed for the cost of the improvement and all other persons interested who do not within fifteen days thereafter commence proceedings to prevent said improvement and assessment being made and enforced shall be conclusively presumed to have accepted the terms of the resolution or ordinance under which said improvements are to be made." Section 10 thereof deals with the making of the contract for the work. By section 11 thereof it is provided that "as soon as practical after the contract provided for in section 10 has been entered into, the mayor and aldermen of said city shall cause to be made an accurate measurement and plan of the work to be done, showing the number of feet and fractions thereof of frontage thereon of each and every abutting property and the location of all railroad tracts in street or alleys to be paved, and shall file the plat, with the measurements plainly marked thereon, showing the location and measurement of each abutting property and of each and every street crossing, which plat shall be filed in the office of the clerk and treasurer of the city and be subject to inspection of all persons interested. The owner of any abutting land . . lying within the improvement may, within five days from the filing of the plat, make written objection thereto," and the mayor and aldermen of the city shall set a date for the hearing and pass upon the same. The charter then provides that "After the plat and measurements . . shall have been approved, or after five days from the filing thereof, if no objections are made, the mayor and aldermen shall pass a resolution assessing the cost of the paving."

The defendant in fi. fa. in this case owned property abutting on a street improved in the City of Milledgeville, and his property was assessed for his portion of the cost of the improvement. The defendant in fi. fa. did not pay his proportionate share of the cost of such improvement, and execution was issued against him. To this execution he interposed his affidavit of illegality, in which he set up that the fi. fa. was proceeding against him illegally. He offered an

amendment to this affidavit, setting up that the ordinance providing for the paving of such street was void 'and unenforceable because it was not adopted in accordance with the charter requirements, in that it was not read three times, and in that the city did not post a copy of the resolution or ordinance in the city-hall, and that therefore he had no opportunity to protest and did not know that the paving being done in front of his property was under the amendment of 1925. He further set up that the city did not pass a resolution assessing the cost of the paving against the abutting property owners before the work was completed, but thereafter passed the following resolution: "Motion by Alderman Hutchinson, seconded by Alderman Stembridge, that the assessments rolls 2, 3, and 4 be passed as drawn by the city engineer," which was placed upon the minutes; that this was insufficient and came too late, in that it was not acted upon until many months after the filing of the plat and after the work was completed, because it was not read three times before being put to passage, and because the exact frontage of his property was not described therein, and because the assessment roll referred to therein was not a part of the minutes at the time such motion was put upon the minutes or at the time the same was acted on. The court refused to allow all of this amendment, with the exception of the allegations that the ordinance providing for the improvement had not been read three times, as required by the city charter, and held that the only issue in the case was whether such ordinance had been so read. The defendant in fi. fa. excepted pendente lite to this judgment. The case proceeded to trial on the single issue, and, after the introduction of the evidence, the court directed a verdict for the plaintiff in fi. fa. The defendant in fi. fa. moved for a new trial, the motion was overruled, and to this judgment he excepts.

The issues and questions raised in this case as to the time of the filing of the traverse to the affidavit of illegality, as to the reading three times of the ordinance providing for the paving, as to the exclusion of certain evidence, and as to the disqualification of one of the jurors in the case, are controlled by the decision in the case of *Jeanes* v. *Milledgeville*, 45 *Ga. App.* 755 (165 S. E. 900), where substantially the same questions and issues were raised as in the instant case and were decided adversely to the plaintiff in fi. fa. This leaves us to determine whether or not the court erred in re-

fusing to allow the other matters set up in the affidavit of illegality and amendment, which we will now pass upon.

In order for the ordinance providing for said paving to become final and binding, it was necessary for a copy thereof to have been "posted at some conspicuous place frequented by the public in the city-hall for seven days." This posting was necessary, as required by the charter, in order that, if a majority of the owners of land abutting on the street to be paved desired to file objections with the mayor and aldermen, they could do so. The defendant in fi. fa. sets up that the ordinance in question was not so posted, and was therefore invalid. This would have been a good attack upon the validity of this ordinance had it been made at the proper time. However, the defendant in fi. fa. is now precluded from making this attack by his failure to make the same at the proper time. Section 9 of the charter provides for an advertisement giving notice of the improvement to be made. After the publication of this notice for the required time, the defendant in fi. fa. had fifteen days in which to commence proceedings to prevent the improvement and assessment provided for by said ordinance, and when he failed to do so he became concluded and barred from attacking the ordinance because of the failure of the mayor and aldermen to post a copy of the same as required by section 6 of the charter amendment, and "shall be conclusively presumed to have accepted the terms of the resolution or ordinance under which said improvements are to be made." *City of Marietta* v. *Dobbins,* 150 *Ga.* 422 (104 S. E. 444). In *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233), it was held that "Before the City of Atlanta can pass an ordinance and make a valid contract for the paving or re-paving of a street, under the amendment to its charter by the act of August 19, 1919 (Georgia L. 1919, p. 821), and before it can pass a valid ordinance levying an assessment against owners of land abutting on such street or portion of street for their shares of the cost of such street improvement, it must be petitioned in writing for such street improvement by the owners of the majority of the frontage of land abutting on said street or portion of said street. This fact is jurisdictional; and the non-existence thereof renders an ordinance and contract made for such purpose invalid. (*a*) The owners of abutting property may be precluded from attacking the validity of such ordinance and contract on this ground, by their

failure to make timely objections thereto. Paragraph (b) of section 1 of this act provides for an advertisement giving notice of the introduction of the resolution or ordinance for such street improvement, which shall notify the property owners to appear at the meeting of the general council to be held at a time stated in the advertisement, and make any and all objections they may desire to urge to the passage of such resolution or ordinance; and provides for full opportunity for such owners to make objections to the passage of the ordinance. After hearing any objections, the general council has the full right and power in their discretion to order such street improvement to be made, or to reject the ordinance proposing such improvement. After the passage of such ordinance, all property-owners subject to be assessed for the cost of the improvement, who do not within fifteen days thereafter commence legal proceedings to prevent such assessment being made, shall be conclusively presumed to have accepted the terms of said ordinance, and to have agreed that the assessment provided for in said act may be made. Property-owners who, after due publication of said advertisement, fail to file any objections to the passage of the proposed ordinance for such street improvement, and who fail to take legal proceedings within fifteen days after the passage of said ordinance to prevent its passage and the assessment of their property for such improvement, are concluded and barred from taking proceedings to attack the validity of said ordinance for lack of such jurisdictional fact."

Where the amendment to the charter of Milledgeville provided that no contract for paving "shall be entered into until after notice has been published in a newspaper having general circulation in the City of Milledgeville once a week for two weeks, in which notice a general description of the improvement to be made shall be given, the time and place that bids shall be received, the form of bids and a statement of where the plans and specifications may be inspected shall be contained in said notice," it will be presumed that the municipal authorities duly complied with the terms of this charter requirement and gave such notice, in the absence of any allegation to the contrary.

Furthermore, the defendant in fi. fa. does not allege that had the mayor and aldermen of said city posted a copy of said ordinance authorizing the paving of the street in question at some conspicuous place frequented by the public in the city-hall for seven days, a

majority of the owners of land abutting on such street would have filed their written protest against said improvement prior to the expiration of said seven days. The defendant in fi. fa. alone could not have objected thereto in this manner, under the provisions of the charter, unless he had owned a majority of the land abutting on the improvement. The purpose of posting a copy of this ordinance at some conspicuous place in the city-hall for seven days was not to allow one property owner, who owned a comparatively small portion of the land abutting on the desired improvement, to object thereto, but to allow a majority of the owners of the land abutting thereon to file their written protest within the stated time, and if they did not do so, then the ordinance became final and binding.

It appears from the allegations of the amendment to the affidavit of illegality that the plan and plat of the work to be done on this improvement was filed in the office of the city clerk, and it is not alleged therein that the plat did not contain an accurate measurement and plan of the work to be done, showing the number of feet and fractions thereof of frontage, with the location and measurement of each abutting property, or contained an inaccurate description and measurement of the abutting property of the defendant in fi. fa. The charter provides that after such plat is filed the owner of any abutting land may within five days therefrom make written objection thereto, and when such objections are made, the mayor and aldermen of the city shall set a time for hearing such objections. It does not appear from this amendment that any written objection to such plan and plat was ever made by the defendant in fi. fa. It further appears from the amendment that there was an assessment roll, and it does not appear that this assessment roll was inaccurate or did not set forth the correct frontage of the abutting land, or that the amount assessed therein against the defendant in fi. fa. was not correct.

We do not think that the defendant in fi. fa. has alleged any facts showing that he was harmed in any way by the passage of such resolution after the work had been completed.

This court is of the opinion that the portions of the amendment offered by the defendant in fi. fa. to his affidavit of illegality, which were disallowed by the trial judge, did not sufficiently set forth any matters of defense to the execution, and that the trial judge properly disallowed them.

590

It follows from what is ruled above, and the decision in the *Jeanes* case, supra, that the court below did not err in overruling the motion for a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Stephens, J., concurs. Jenkins, P. J., absent on account of illness.*