23051.   HILL *v.* CITY OF CALHOUN.

Decided October 23, 1933.

754

*M. B. Eubanks,* for plaintiff in error.

GUERRY, J. 1. In the charter of the city of Calhoun (Ga. L. 1918, p. 593, section 80,) it is provided that when a street is paved by the city under regular authority of the mayor and aldermen, one third of the cost of the paving shall be borne by the city and two thirds by abutting-property owners. Under such a provision the entire cost, including necessary preparation for the paving, such as change of grades, storm sewers, and the like, together with street intersections, is to be apportioned upon such a basis. *Kaplan* v. *Macon,* 144 *Ga.* 97 (86 S. E. 219) ; *Mayor &c. of Savannah* v. *Weed,* 96 *Ga.* 670, 677 (23 S. E. 900).

2. On the trial of an affidavit of illegality the burden is on the plaintiff in fi. fa. to make out a prima facie case by putting in evidence an execution fair on its face and a legal levy entered thereon. *James* v. *Edward Thompson Co.*, 17 *Ga. App.* 578 (87 S. E. 842).

(*a*) Where an affidavit of illegality contains allegations of fact in the nature of affirmative defenses, on issue joined the burden of establishing them rests on the defendant. *Thompson* v. *Fain*, 139 *Ga.* 310 (77 S. E. 166); see also *Alexander* v. *Atlanta*, 21 *Ga. App.* 737 (95 S. E. 267).

3. The defendant showed that there was no contract on the minutes of the city of Calhoun showing the amount to be paid for paving and the amount to be assessed against each abutting-property owner. The clerk of the council testified that from that contract, which so far as the record shows is not a part of any official records of the city, he could tell the amount due the city by the defendant. The defendant in fi. fa. is entitled to know, by the official records or minutes kept by the city, the amount due,—what was the cost of the paving in the entire area or street to be paved. The proportionate part to be paid by the abutting-property owners is to be determined according to the charter of the municipality affected. From the very abbreviated record sent to this court it is impossible to determine whether there was ever any ordinance authorizing the paving, and there is no record or evidence to show what was the cost of the paving in the area and what was the proportionate part to be borne by the defendant in fi. fa., and there is no record that any notice thereof was ever served on this defendant. A fi. fa. was introduced in evidence, and it might have been sufficient if nothing else appeared, but when it was affirmatively shown that there was no record of any original assessment roll or other record upon which to make the entry of service as provided in the charter, and no entry thereon as to service on this defendant (the paper actually served on defendant being as follows: "W. A. Hill to City of Calhoun, Dr. No. 246 79357, $192.00"), such notice without more was insufficient to comply with the charter provisions as contained in Ga. L. 1919, p. 865, subsection *b*. *Mayor &c. of Washington* v. *Moseley*, 41 *Ga. App.* 439 (153 S. E. 790); *Bacon* v. *Savannah*, 91 *Ga.* 500 (17 S. E. 749); *City of Camilla* v. *Cochran*, 160 *Ga.* 424 (4) (128 S. E.

194). The fi. fa. bearing test in the name of the mayor and aldermen and signed by the clerk is sufficient to show that it was issued upon the instruction of that body as provided in subsection c of the amendment to the charter. Ga. L. 1919, p. 865.

4. The city, under its charter provisions, should keep permanent records of its assessments of abutting-property owners. As was suggested by Judge Luke, in *Mayor &c. of Washington* v. *Moseley*, supra, quoting from the decision in the *Bacon* case, supra, "There ought to be an assessment roll, showing the total cost of the work, and, as to two thirds thereof, how it is apportioned amongst the several abutting parcels. . . This roll, when officially ascertained to be correct, should be entered on the minutes of the mayor and aldermen for due authentication and preservation." This record and roll should have a place thereon for the entry of service of the notice required by the statutes, at least definite enough to show to such abutting-property owner the entire cost of the work, the amount of his frontage thereon, and the amount due by him on a two thirds basis of the entire cost as is provided by the charter. As was said by Luke, J., in the *Moseley* case, supra, "Assessment proceedings are summary, the effect of them being to compel a citizen to pay for improvements whether he wants them or not, and it should clearly appear that such proceedings are valid in every particular." The defendant in fi. fa. in this case will be required to pay an assessment made after a compliance by the city with the requirements of its charter. From the record in this case, which is exceedingly meager, this has not been done, and such compliance is a condition precedent to the enforcement of such fi. fa. It is possible that more of the requirements have been met than appears from the record. There is no counsel for the city in this case, and this court takes the record as it finds it.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*