24996. CITY OF LaGRANGE *v.* FROSOLONA.

DECIDED DECEMBER 9, 1935.

*J. T. Thomasson, L. M. Wyatt,* for plaintiff.
*Duke Davis, L. L. Meadors,* for defendant.

SUTTON, J. The City of LaGrange issued a street-improvement fi. fa. against M. C. Frosolona, and especially against the following described real estate as the property of the defendant in execution: "Alford Street tract No. 20: known as the M. C. Frosolona property, fronting 100 feet on the east side of Alford Street and running back an equal width a distance of 180 feet, joining Ashton Street on the north side, and Gus Valeri property on the south side." The entry of levy thereon recited that the fi. fa. was levied on "Alford Street tract No. 20: known as the M. C. Frosolona property, fronting 100 feet on the east side of Alford Street, and running back an equal width a distance of 180 feet, joining Ashton Street on the north side and Gus Valeri on the south side," being levied on as the property of the defendant in fi. fa. The paving-assessment execution recited that it was issued "to cover one of

the assesments against said real estate for paving and street improvement abutting said real estate, made in conformity with the act of the General Assembly of the State of Georgia, approved August 25, 1927, and found in Georgia Laws, pages 321 to 335, inclusive [Code of 1933, §§ 69-401 to 434 inc.], the ordinances and resolutions of the City of LaGrange, regularly adopted in compliance with said act of the General Assembly, by its mayor and council, same having become due on the 22nd day of Feb., 1932." The defendant in execution filed an affidavit of illegality. The city traversed the truth of said affidavit. The issue came on for trial, and the city introduced in evidence the street-improvement execution and the levy thereon. No other evidence was submitted. On motion on the ground that the city had failed to make out a prima facie case, the judge directed a verdict in favor of the defendant in execution finding the property levied on not subject. To this judgment the City of LaGrange excepted.

On the trial of an affidavit of illegality interposed to an execution levied on abutting real estate for an unpaid paving assessment, the burden is on the plaintiff in execution to make out a prima facie case, and this is done by putting in evidence "an execution fair on its face and a legal levy entered thereon." *Hill* v. *Calhoun*, 47 *Ga. App.* 753 (171 S. E. 459); *Hansard* v. *Pool*, 39 *Ga. App.* 109, 110 (147 S. E. 153); *James* v. *Edward Thompson Co.*, 17 *Ga. App.* 578 (87 S. E. 842); *Bertody* v. *Ison*, 69 *Ga.* 317. The execution in this case is "fair on its face." There is no question that there was a legal levy entered on the execution. If, as recited therein, the paving was done pursuant to the act of August 25, 1927 (Acts 1927, pp. 321 et seq.), and the necessary resolutions and ordinances were adopted and passed by the city, the execution appeared "fair on its face." Where no objection to the assessment or prior proceedings was made by the property owner as provided in the act, and where no action was filed to enjoin the assessment or the improvement within thirty days after the passage of the ordinance making such assessment final, the property owner will be presumed to have accepted the terms thereof and to have agreed that the assessment provided for in the act may be made. Code of 1933, §§ 69-408, 412, 424; *Fowler* v. *Milledgeville*, 47 *Ga. App.* 585, 588 (170 S. E. 819); *Montgomery* v. *Atlanta*, 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R.

234

233). It was not incumbent on the city, in order to make out a prima facie case merely, to introduce in evidence the assessment-roll, ordinances, resolutions, and other proceedings, and conclusively prove that the assessment was valid, and that all prior proceedings were proper and legal. The general rule is that all presumptions are in favor of the validity of assessments for local improvements; and while these presumptions are not conclusive, the burden is on the party attacking the validity of an assessment to prove that it is invalid. 44 C. J. 678; *Alexander* v. *Atlanta,* 21 *Ga. App.* 737 (95 S. E. 267). Likewise it is presumed that public officials have regularly and properly performed their duties. This principle was applied to city officials in *City Council of Augusta* v. *Pearce,* 79 *Ga.* 98, 100 (4 S. E. 404). As shown by the record in *Alexander* v. *Atlanta,* supra, the defendant in execution attacked by affidavit of illegality a paving-assessment execution issued by the city of Atlanta. This court held: "The burden was upon the defendant to sustain all the essential allegations in his affidavit of illegality; and the evidence being insufficient to show that the execution was proceeding illegally, a verdict against him was demanded." See *Felker* v. *Still,* 35 *Ga. App.* 236, 239 (133 S. E. 519). This case is not like *Mayor etc. of Washington* v. *Moseley,* 41 *Ga. App.* 439 (153 S. E. 790). In that case the opinion shows that the city undertook, in making out its case, to show a valid levy, by offering in evidence certain papers as the original assessments made against the property levied on. These were rejected by the court and not allowed in evidence; and the opinion states that the alleged assessments were not made as required by ordinance, or in fact shown to be assessments of the city. So it will be seen that it affirmatively appeared from the proffered evidence of the city in that case that the execution was not authorized, and therefore the levy was invalid. It follows that the judge erred in dismissing the levy and in directing a verdict for the defendant in fi. fa.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. There are certain prerequisites essential to the jurisdiction of a municipality to acquire a lien upon property for the collection of assessments for street improvements. On the trial of a proceeding by the municipality against a property

holder, to recover special assessments which it is claimed constitute a lien upon the property where any essential prerequisite to the existence of the lien and the right of the municipality to recover is denied by the property holder, the burden of proof is upon the municipality. The rule is the same where the proceeding to collect the assessments arises summarily by the issuance of an execution by the municipality, and the issue is formed by the filing of an affidavit by the owner of the property levied on, denying any of the essential prerequisites to the validity of the assessment. While the burden of proof which rests on the municipality may in some instances be carried prima facie, as perhaps by the presumption of the validity of the required ordinance on the mere proof of the existence of the ordinance, it certainly does not seem that where the execution has been levied on the defendant's land, this burden of proof is carried by the mere introduction in evidence of the execution issued under the authority of the municipality for the collection of the assessment. This, it would seem, would be equivalent to a holding that, on the trial of a common-law suit where the issue arises under petition and answer, the burden of proof which rests on the plaintiff is prima facie carried by the mere introduction in evidence of the petition. The introduction in evidence of the execution, in the absence of any evidence of the antecedent jurisdictional facts upon which it is predicated, proves no more than the existence of the execution and its contents. The facts of which the execution is the legal or judicial result, and which it is necessary to establish in order that the plaintiff municipality may prevail, are not established by mere proof of the execution.

The rule that the putting in evidence of an execution which is "fair on its face," where there has been a legal levy, establishes a prima facie case for the plaintiff in execution as against an affidavit of illegality, arises out of the cases of *Berlody* v. *Ison,* 69 *Ga.* 317, and *James* v. *Edward Thompson Co.,* 17 *Ga. App.* 578 (supra), where the illegality was to an execution which purported to issue on a common-law judgment, and not to a mere ex parte execution, as is the case where an execution is issued by a municipality for the collection of a special assessment against property for street improvements. In *Hill* v. *Calhoun,* 47 *Ga. App.* 753 (supra), which was an issue formed upon an affidavit filed by a

property holder to an execution issued by a city for the collection of an assessment for street improvements, the court stated that "a fi. fa. was introduced in evidence, and it might have been sufficient if nothing else appeared; but when it was affirmatively shown that there was no record of any original assessment roll or other record upon which to make the entry of service as provided in the charter, and no entry thereon as to service on this defendant," there was no compliance with the charter provisions, and held that "such compliance is a condition precedent to the enforcement of such fi. fa." and that the court erred in rendering judgment against the defendant in execution. Any statement contained in the opinion that the putting in evidence of the execution and the levy constituted a prima facie case was obiter. In *Hansard* v. *Pool,* 39 *Ga. App.* 109 (supra), an affidavit of illegality was filed to an execution issued for the collection of an assessment against the stockholder of an insolvent bank, where the execution purported to be signed by the assistant superintendent of banks, and the defense interposed was that the assistant superintendent had no authority under the law to issue the execution. The court held that the burden of proof was on the affiant, the defendant in fi. fa., to sustain the ground of the affidavit of illegality, that the affiant had failed to carry this burden, and therefore that the court erred in directing a verdict for the defendant in fi. fa. Any statement in that case to the effect that the introduction of the execution in evidence, together with the legal levy, was sufficient to establish a prima facie case for the plaintiff, was necessarily obiter.

The ground of illegality in the case now before the court, which questions any jurisdictional prerequisite to the assessment for which the execution issued, is the ground in which it is denied that the assessment for which the execution issued was for improvements chargeable against the defendant's property on which the execution was levied, but that the assessment was for the cost of improvements chargeable against a lot belonging to the defendant other than the lot upon which the execution was levied. This was a denial of an essential prerequisite to the jurisdiction of the municipality to establish a lien for street improvements upon the lot levied on. The burden of proof that the assessment was chargeable against the lot levied on was upon the municipality; and this

burden was not carried prima facie or otherwise by the mere introduction in evidence of the,execution and proof of the levy. I am therefore of the opinion that the evidence was insufficient to authorize a finding for the plaintiff, and that the verdict for the defendant was not without evidence to support it. I can not agree to the judgment of reversal. Attention is called to the following authorities:—*D'Antignac* v. *Augusta*, 31 *Ga.* 700 (2); *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250); Thatcher v. Powell, 19 U. S. 119 (5 L. ed. 30); Galpin v. Page, 85 U. S. 350 (21·L. ed. 959); 2 Page & Jones on ·Taxation by Assessment, 1930; Etchison Ditching Asso. v. Hillis, 40 Ind. 408; Blanchard v. Barre, 77 Vt. 420 (60 Atl. 970); Morse v. Omaha, 67 Neb. 426 (93 N. W. 734); Lufkin v. Galveston, 58 Tex. 545; Robinson v. Merrill, 87 Cal. 11 (25 Pac. 162); Lima v. Cemetery Association, 42 Ohio St. 128 (51 Am. R. 809).