18380, 18381.   CARTER *et al.* *v.* CITY OF TOCCOA; and
*vice versa.*

ARGUED OCTOBER 13, 1953—DECIDED NOVEMBER 9, 1953.

*Frank C. Gross, Geo. L. Goode, Carter Goode, Gross & Smith, Ellis M. Creel,* for plaintiffs in error.

*McClure & Ramsay,* contra.

WORRILL, Justice. A controlling question is whether the protestants were estopped, by failing to make any proper objections until after completion of the paving, to complain of the judgment validating the proceedings for improvement of South Railroad Street. It is strongly insisted that the notice required under the act of 1927, supra, was ineffective as to them because it was addressed to S. B. Carter estate, whereas his widow and sons were the owners under his will, and further that the act of 1927 does not apply to them for the reason that a portion of the paving encroaches upon their property.

The protestants allege that their property abuts on the right-of-way of the railroad company; and, since it appears that the railroad company had paid its proportionate part of the paving assessment over and along its right-of-way, the contention that protestants are not liable to pay any amount whatsoever is untenable. The uncontroverted evidence shows that the protestants had actual notice of the paving. Nevertheless they did not, within 15 days after the last day of publication of the resolution declaring it necessary to improve the street, file any protest with the city clerk as provided in Code § 69-403. Nor did

they, within 30 days after passage of the ordinance making such assessment final, commence a suit contesting the validity of the assessment as authorized under Code § 69-424. Then, in lieu of offering any proper objection in the meantime, they waited until the city proceeded to validate a lien against the abutting property, as provided in Code § 69-428 et seq., before they filed their answer in the nature of a cross-petition, which contained a prayer that the purported assessment be declared void and that title to the 10-foot strip of their alleged land be decreed to be in them free from any claim of lien of the city.

In *City of LaGrange* v. *Frosolona,* 52 *Ga. App.* 232 (183 S. E. 99), involving an affidavit of illegality interposed to an execution levied on abutting realty for an unpaid paving assessment, it was said in the opinion (at p. 233): "There is no question that there was a legal levy entered on the execution. If, as recited therein, the paving was done pursuant to the act of August 25, 1927 (Acts 1927, pp. 321 et seq.), and the necessary resolutions and ordinances were adopted and passed by the city, the execution appeared 'fair on its face.' Where no objection to the assessment or prior proceedings was made by the property owner as provided in the act, and where no action was filed to enjoin the assessment or the improvement within thirty days after the passage of the ordinance making such assessment final, the property owner will be presumed to have accepted the terms thereof and to have agreed that the assessment provided for in the act may be made. Code of 1933, §§ 69-408, 412, 424; *Fowler* v. *Milledgeville,* 47 *Ga. App.* 585, 588 (170 S. E. 819); *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A.L.R. 233)." See also *Holt* v. *Parsons,* 118 *Ga.* 895, 899 (45 S. E. 690).

It follows that the protestants, in fact knowing of the proposed improvement, could not stand by and see the work of paving completed, and acquire the benefits thereof, and then come into equity asking that the assessment be declared null and that the court decree title to the strip of land in question to be in them, without doing or offering to do equity, which in the circumstances of the case, would require them to pay or offer to pay their proportionate share of the cost of paving the part of the railroad right-of-way abutting their property that is to be used as a public street. Code § 37-104; *Mayor &c. of Macon* v.

*Huff,* 60 *Ga.* 221 (3) ; *Raines* v. *Clay,* 161 *Ga.* 574 (131 S. E. 499) ; *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (3) (139 S. E. 521) ; *Cochran* v. *City of Thomasville,* 167 *Ga.* 579 (3) (146 S. E. 462) ; *Bass* v. *Mayor &c. of Milledgeville,* 180 *Ga.* 156, 163 (178 S. E. 529) ; *Wall* v. *Mayor &c. of Milledgeville,* 197 *Ga.* 165 (1) (28 S. E. 2d 131) ; *Harp* v. *Mayor &c. of Forsyth,* 208 *Ga.* 842, 845 (69 S. E. 2d 750).

Applying the foregoing principle to the pleadings and evidence in the present case, the trial judge did not err, as complained of in the main bill of exceptions, in rendering the judgment validating the proceedings for street improvement. Under this ruling it is unnecessary to decide upon the constitutionality of the act of 1927, supra, or to pass upon the assignments of error in the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Duckworth, C. J., not participating.*