P. STOTESBURY, plaintiff in error, *vs.* R. S. LANIER, administrator, defendant in error.

An action was brought by the plaintiff against the defendant as the administrator of his intestate, to recover the value of certain goods which the plaintiff alleged had been appropriated and converted by the defendant's intestate. On the trial of the case, the plaintiff was offered as a witness for the purpose of proving the ownership and value of the articles sued for, the plaintiff's counsel stating that he would prove the bailment and conversion of the property by other testimony. The articles sued for had been locked up in a chest when delivered to defendant's intestate, but plaintiff did not state that he could not otherwise prove said articles or the value thereof, except by his own oath. The Court ruled out the testimony of the plaintiff on the ground that the defendant's intestate was dead:

*Held*, That the testimony of the plaintiff was properly ruled out by the Court as against the administrator, whose intestate was dead.

After the testimony of the plaintiff was ruled out by the Court, the plaintiff having no other evidence to make out his case, the Court allowed a verdict to be taken in favor of the defendant:

*Held*, That the allowing of the defendant to take a verdict was error; that the Court should have dismissed the case.

Party as witness. Practice. Before Judge COLE. Bibb Superior Court. May Term, 1870.

Stotesbury brought complaint against Lanier, as administrator of Cinthia Wimbish, upon an open account. The gist of plaintiff's cause was, that he had entrusted intestate with certain articles to keep for him, that they had been converted since her death, and that her estate was liable for their value. His counsel said he could prove the bailment and conversion otherwise, and offered the interrogatories of plaintiff to show the articles and their value, and his ownership of them. Because intestate was dead, his testimony was objected to and ruled out. Plaintiff's counsel offered no other evidence, and defendant's counsel took a verdict for costs, without objection by plaintiff's counsel.

A new trial was moved for upon the grounds that the Court erred in ruling out said evidence and allowing the de-

fendant to take a verdict.   The motion was overruled.   This is assigned as error.

A. O. BACON, for plaintiff in error.

LANIER & ANDERSON, for defendant.

WARNER, J.

The testimony of the plaintiff, offered on the trial, was properly ruled out by the Court, as against the administrator, whose intestate was dead.   The plaintiff, having failed to make out his case, by any evidence which would entitle him to a verdict, the Court should have dismissed the same, and it was error, to allow the defendant to take a verdict in his favor.

Let the judgment of the Court be reversed.