## BURDELL *vs.* BLAIN.

1. Title by prescription is a right which a possessor of land acquires by reason of his adverse possession during a period of time fixed by law, where it does not originate in fraud, and is under a claim of right.

(a) Color of title is anything in writing which serves to define the extent and character of the claim to the land, with parties from whom it may come and to whom it may be made. A paper of this character is admissible as color of title on which to base a prescription.

2. All verdicts must be founded on testimony. Where no testimony was introduced, it was error to allow the defendant to take a verdict.

Ejectment. Title. Prescription. Evidence. Verdict. Practice in the Superior Court. Before Judge MERSHON. Glynn Superior Court. May Term, 1880.

Reported in the decision.

MABRY & CROVATT, for plaintiff in error.

GOODYEAR, HARRIS & KAY, for defendant.

CRAWFORD, Justice.

This was an action of ejectment to recover lot No. 286 in the city of Brunswick, and upon the trial of the case the plaintiff offered in evidence a paper agreement which he defined to be a bond for titles, and which was in the nature of bond for titles to the land in question, stating to the court that he introduced the same only as color of title, and upon which it was proposed to base a prescriptive title. The paper was rejected by the court as evidence, and the defendant, without other or further testimony being offered, was allowed to go to the jury and take a verdict.

A motion was made for a new trial because of the rejection of the paper called a bond for titles, and because

the court allowed a verdict to be taken, which was over-ruled, and the plaintiff alleges the same as error.

1. Title by prescription is a right which a possessor of land acquires by reason of his adverse possession during a period of time fixed by law, and where it does not orig-inate in fraud, and is under a claim of right.

A color of title is anything in writing which serves to define the extent and character of the claim to the land, with parties from whom it may come, and to whom it may be made. So that, as the plaintiff in this case may have shown his title to have been a good one under color, the court should not have rejected the bond as evidence.

2. All verdicts rendered by juries must be founded on testimony, and where there is none introduced, we do not think that any can be returned; so that in this case, we think the court erred in allowing the defendant to take his verdict.

Judgment reversed.