## SPRINZ *vs.* FRANK, HEYMAN & RHINE.

1. When no evidence in support of an affidavit of illegality is admitted, there should be no submission of ·the case to the jury for a verdict, but the illegality should be dismissed or sustained as matter of law.
2. Where, after a judgment has become dormant, an officer makes an entry on the execution and antedates it, the entry is open to question by parol evidence.
3. When necessary and proper to traverse a return of *nulla bona,* the officer who made it need not generally be a party.
4. A return of *nulla bona,* if made after dormancy and antedated by design and collusively, is not only void but villainous. It is a fraud as well as a nullity

May 28, 1888.

Practice in superior court. Executions. Evidence. Fraud. Nullities. Before Judge GUSTIN. Bibb superior court. November term, 1887.

Reported in the decision.

HILL & HARRIS, W. A. LOFTON and A. PROUDFIT, for plaintiff in error.

DESSAU & BARTLETT and NISBET, EDGE & NISBET, *contra.*

BLECKLEY, Chief Justice.

1. The court having rejected all the evidence offered upon an affidavit of illegality, directed the jury to return a verdict for the plaintiff. This was not a correct practice; there being no evidence before the jury, there was nothing upon which to base a verdict. If the

court had ruled correctly in excluding all the evidence offered, then the proper disposition to make of the case was to dismiss the illegality. *Burdell vs. Blain*, 66 *Ga.* 169; *Stotesbury vs. Lanier*, 42 *Ga.* 120; *Thrasher vs. Foster*, *Id.* 212; *Doerflinger vs. Nelson*, 76 *Ga.* 101. When there is no evidence other than the record itself, an affidavit of illegality is to be disposed of by the court as matter of law.

2. Upon the question as to whether the court was justified in excluding some of the evidence, the counsel would have saved themselves and us much trouble, if they had consulted and cited the case of *Welch vs. Butler*, 24 *Ga.* 445, which rules the exact question. According to that case, where a return of *nulla bona* has been made upon a *fi. fa.* by an officer, after the judgment has become dormant and is antedated so as to appear to have been made before dormancy occurred; the return, in the matter of its date, is open to question by parol evidence, even as against a purchaser under the execution; the court holding that a sale under a dormant *fi. fa.* is void, and that after it has become dormant, the officer has no authority to make any return upon it; his action is utterly void, and consequently is not protected against investigation. This is not (the court said) to traverse his return, and there is no legal objection to proof that it bears a wrong date.

3. Were it necessary to traverse such a return, as between the plaintiff and the defendant, we think that the rule as to making the officer a party to the traverse would not apply. That rule has been announced in reference to cases of service where the whole matter is local; the officer making service is in the county, or the district in case of justice's court proceedings as this was. But an officer making a return of *nulla bona* upon an execution may, if the execution issues from the superior

court, be any sheriff of the State, or if it issues from a justice's court, he may be any constable of any district of a county and even (after backing the execution in another county) any constable of that county. So that were it necessary to traverse such a return, the rule for making the officer a party to the traverse would not apply; for the reason that the officer is not necessarily a local officer, as in the case of service; and it would not do to put upon the defendant in execution the burden of going throughout the State to look up the officer that made the return and have him served as a party to the proceeding. The question, however, does not press now for decision. Assuming the truth of the allegation that a return was made after dormancy and dated back, the constable simply usurped authority to revive this judgment; he took upon himself the functions of a court, and did that which he was wholly unauthorized to do by virtue of the process, or by virtue of any law applicable to the process.

4. Again such a return, antedated by design and collusively, would come within the ruling of this court in *Tillman vs. Davis*, 28 *Ga.* 494, in which it is distinctly recognized that in case of fraud and collusion, an officer's return might be traversed as the law then stood. The code came later, and widened the law of traverse as to returns of service. See *Lamb vs. Dozier*, 59 *Ga.* 461; *McKoy vs. Edwards*, 65 *Ga.* 328.

Judgment reversed.