EADY *v.* NAPIER, WORSHAM & COMPANY.

SIMMONS, C. J.—1. The fact that the plaintiffs' attorney, after a case had been continued in a justice's court, merely informed the defendants that the case would not be tried that day but would be tried the next month, is no cause for setting aside a judgment rendered against the defendants by default at the next term, although they were ignorant and uneducated persons and thought that they would be summoned again when wanted, or would receive further notice of the time and place of trial.

2. The trial judge was right in adjudging that the evidence intro-
duced in support of the plaintiffs' petition did not make a case
entitling them to equitable relief; and as there was in the petition
no prayer for relief of any other kind, the action could not be
treated as one in which relief of a purely legal nature could be
granted to either plaintiff.  The question whether or not, upon
the facts proved, the plaintiff who delivered to the defendants
the property described in the petition could in a proper action
recover the same or its value, was not adjudicated by the trial
court, and is not now for decision by this court.

3. On the pleadings and evidence as they stood, there was nothing
for submission to the jury, and the motion for a nonsuit ought to
have been granted; but it was error to direct a verdict for the de-
fendants.  Inasmuch, however, as the plaintiffs could in no event
recover in the present action, this error does not require a reversal
of the judgment below; but direction is given that the same shall
not be so construed as to estop the plaintiff above indicated from
bringing another action in which the real merits of his case, if any
there be, can be set forth and passed upon.

*Judgment affirmed, with direction.*

March 11, 1895.   Argued at the last term.

Equitable petition.   Before Judge RONEY.   Bibb su-
perior court.   April term, 1894.

On January 6, 1892, Tom Eady bought a mule from
defendants at $150, for which he gave them his notes
for $75 each, due November 1, 1892, secured by mort-
gage on the mule and a wagon.   Jeff Eady signed the
notes as surety.   A few days before they fell due, Tom
returned the mule to defendants and delivered them the
wagon in payment for the use of the mule.   No price
was agreed on for the mule and wagon, but he was given
a receipt therefor, with the understanding that they
would surrender him the notes when he paid them an
additional note of $30 which he owed them for supplies,
but which was not covered by the mortgage nor signed
by Jeff.   Early in 1893 suits were brought on the two
$75 notes, in the 716th district G. M.  The Eadys lived in
the 481st district.  They appeared in answer to the sum-
mons, and upon being questioned by the justice, were
told to go, which they did.  Then suits were brought in

the 481st district, to the August term, 1893. The Eadys appeared in response to the summons, bringing the receipt from defendants, which they claimed was given in full satisfaction, although it recited that the mule and wagon were received on account. Neither of them owed defendants any account. Jeff owed them nothing and Tom owed them only the $30 note. On this latter occasion they had no conversation with the justice, but defendants' (then plaintiffs') attorney asked Tom if he was going to let him have judgment on the notes. Tom replied that he did not know what to do, as he had nothing and had returned the mule and given the wagon for the rent of it, the mule, and owed nothing. The attorney then told him the case would not be tried that day and he could go; that the case would be tried next month. The Eadys then went home. They were ignorant and illiterate, were never sued before, and believed they would be summoned again when wanted. They had no lawyer. They were not present at the next term, when judgments were rendered against them for $150, and did not know of it until the levy was made. The mule when returned was worth $50 more than when purchased, being in much better condition. This petition was brought for injunction, to prevent a multiplicity of suits, and for an equitable set-off; alleging that in equity the proceeds of the mule and wagon should go to pay the debt; that the judgments were obtained by accident, mistake and fraud, without laches on the part of petitioners, etc. They prayed, that the value of the mule and wagon, which was $230, be applied to the payment of the debt; for judgment against defendants for the difference in value, and for attorney's fees; that the judgments be set aside; that the notes and mortgage be cancelled; and for general relief. Defendants moved for a nonsuit. The court held, that while plaintiffs might recover the property in an independent action for

its value, the only ground on which any cause for equitable relief was set out was the allegation of fraud, which not being sustained by the proof, the whole case must fall; and thereupon a verdict for defendants was directed. Plaintiffs excepted.

JAMES A. THOMAS, for plaintiffs.

JOHN R. L. SMITH, for defendants.