## HORNE v. RODGERS.

1. A plea which, in substance, alleges that the plaintiff's action was brought in violation of a valid contract made by him not to bring the same before the happening of a specified event which has not yet taken place, is in effect a plea in abatement; and this being a dilatory plea can not, over the plaintiff's objection, be filed after the first term.

2. A plea is not demurrable merely because "it [contains] new facts and new defense which came into existence subsequent to the time the plaintiff's right of action accrued and after the filing of the original" petition in the case. These grounds of demurrer, standing alone, even if true, are not sufficient to show that the plea should be stricken.

3. There is no law in this State authorizing a judge to direct a verdict giving affirmative relief to a defendant when the plaintiff's petition does not admit facts warranting such a verdict and when no evidence at all is introduced.

Argued January 31, — Decided March 23, 1898. ·

Action for breach of bond for title. Before Judge Felton. Bibb superior court. November term, 1896.

*Hugh V. Washington*, for plaintiff. *Hardeman, Davis & Turner, Minter Wimberly* and *J. L. Hardeman*, for defendant.

Fish, J. 1. The plaintiff brought suit against the defendant, which was returnable to the April term, 1894, of Bibb superior court. The case came on for trial on January 20th, 1897, at which time the defendant offered an amendment to his original plea, in which amendment he alleged that, for a certain consideration, the plaintiff had entered into a described written agreement with the defendant, a copy of which was attached to the amended plea, and "that said plaintiff by said agreement was estopped and barred from bringing suit against this defendant until the suit of T. J. Carstarphen against the defendant was determined as per said agreement"; and that "plaintiff brought this action before said Carstarphen's suit was ended." The plaintiff objected to the allowance of this amended plea; the first ground of objection being, "that said plea was too late; that, being a plea in abatement and a dilatory plea, it should have been filed at the first term." This objection was overruled by the court, and the plea allowed. While this same written agreement was set up, as matter of de-

fense to the plaintiff's action, in one paragraph of the defendant's original plea, together with an alleged compliance on the part of the defendant with its terms and an alleged failure of the plaintiff to comply with his obligation thereunder to pay the balance of the purchase-money for the land, it was not then pleaded in abatement of the plaintiff's action. The amended plea was, in effect, a plea in abatement, and, as such, being a dilatory plea, it could not, over the objection made by the plaintiff, be filed after the first term. Civil Code, § 5058.

2. The plaintiff excepts to the judgment of the court allowing the second amended plea, over his objection, "that it contained new facts and new defense which came into existence subsequent to the time the plaintiff's right of action accrued and after the filing of the original, and could not be pleaded under the statutes of 1893 and 1895, or under any other law; that having come into existence since the cause of action, the matters set up in said plea could not be pleaded as a defense, or to affect the plaintiff's cause of action as set out in the original petition in any way." We do not think that there was any merit in this objection. There is nothing in the act of 1893, nor in the act of 1895, nor any other law of this State, which denies a defendant the right to file a plea *merely* because the facts upon which it is based came into existence after the plaintiff's cause of action accrued, or because such facts transpired after the plaintiff brought his suit. To hold otherwise would be to hold that a defendant could not plead that, after the filing of the suit, he had fully paid the plaintiff's demand. The law encourages the settlement of litigation by the parties thereto; and certainly if a plaintiff should undertake to obtain a judgment against a defendant in a case which, after suit was brought, had been settled, outside of the court, between himself and the defendant, the defendant would have the right to defeat so unjust an undertaking by pleading and proving the settlement. So, too, if after the suit was brought he had paid the plaintiff's claim in part, he would have the right to plead and prove such partial settlement, if the plaintiff should ignore the same and undertake to obtain a judgment against him without giving him the benefit thereof.

3. There was no demurrer to the petition, nor to either of the amendments thereto which were offered by the plaintiff and allowed by the court; and, as stated in the bill of exceptions, "the court, over the plaintiff's objection, directed a verdict for defendant on the pleadings, without hearing evidence or permitting the plaintiff to go to the jury." We do not know upon what view of the case the court directed the verdict which was rendered in this case simply upon the pleadings. The plaintiff's petition did not admit facts warranting such a verdict. It is true that by an amendment to his petition the plaintiff admitted the execution of the written agreement set up as matter of defense to the merits, and also pleaded in abatement of the action; but he alleged that he was induced to enter into such agreement with the defendant by fraud practiced upon him by the latter, and also alleged that the defendant himself had failed to comply with his part of this agreement. We know of no law which authorized the judge to direct a verdict granting affirmative relief to the defendant upon the pleadings in this case.

*Judgment reversed. All concurring, except Cobb, J., absent.*