## SLOAN *v.* WOLFSFELD, and *vice versa.*

1. The judgment of a tribunal of a sister State is admissible in evidence in this State when authenticated in the mode provided by the act of Congress, if that act is applicable, but in other cases its authentication must be under the great seal of the State, as required by section 5232 of the Civil Code.

2. A judgment rendered in a court not of record, of another State, which has no clerk and of which the presiding officer is not ex-officio clerk, can not be authenticated under the act of Congress embodied in section 5237 of the Civil Code.

Submitted February 6, — Decided February 28, 1900.

Action on foreign judgment. Before Judge Henry. Burke superior court. April 4, 1899.

*Callaway & Fullbright,* for plaintiff.
*Phil. P. Johnston,* for defendant.

COBB, J. Sloan sued Wolfsfeld, alleging in his petition that the defendant was indebted to him upon a foreign judgment. At the trial the plaintiff offered in evidence papers claimed to be duly authenticated copies of the judgment and the proceedings upon which it was founded. Upon objection this evidence was rejected, and, no further evidence being offered, the court granted a nonsuit. The plaintiff brings the case here upon a bill of exceptions assigning error upon the ruling of the court in rejecting the evidence above referred to. The paper purporting to be a copy of a judgment, as well as copies of other papers connected with the suit, all of which it was claimed showed that a judgment had been rendered in the State of Missouri by a justice of the peace in a case in which Sloan was

plaintiff and Wolfsfeld defendant, were each followed by a certificate that the papers were true copies of the originals, which was signed by "Harry S. Harmon, Justice of the Peace, 7 District, St. Louis, Mo.," with his official seal attached.  Following these certificates was a certificate of the clerk of the circuit court of the City of St. Louis, setting forth that that court was a court of record, and that Harmon was, on the date that the certificates were signed by him, a justice of the peace of the 7th district of the City of St. Louis, and that his signature was genuine.  This certificate was followed by a certificate of the presiding judge of the circuit court of the 8th judicial circuit of the State of Missouri, stating that that circuit was composed of the City of St. Louis, and that the signature of the clerk to the certificate above mentioned was genuine, and that he was at the time of signing the same the clerk of that court, and that that court was a court of record, and that the attestation of the clerk was in due form.  This certificate was followed in turn by a certificate of the clerk of that court, certifying that the judge signing the certificate last above mentioned was the duly commissioned and qualified presiding judge of the court named in the certificate of the judge.

Foreign judgments may in all cases be authenticated under the great seal of the State in which they are rendered.  Civil Code, §5232.  The act of Congress in reference to authentication of foreign judgments, which is embodied in the Civil Code, §5237, may be followed in any case embraced within its terms, but the method of thus authenticating judgments is not exclusive but cumulative of the method authorized by statute in the several States.  *Goodwyn* v. *Goodwyn*, 25 *Ga.* 203.  Authentication under the great seal of the State is required in all cases where the act of Congress is not applicable.  *Tharpe* v. *Pearce*, 89 *Ga.* 194.  The act of Congress does not provide a method of authenticating judgments rendered by a court which has no clerk.  It has been held that where a judge of a court of record is ex-officio clerk of his own court, he may, in the different capacities as judge and clerk, sign the certificates required by the act of Congress, and that proceedings thus authenticated would be admissible in evidence in the courts of this State.  *Cox*

v. *Jones,* 52 *Ga.* 438. It does not appear in the present case that the court over which Harmon presided was a court of record. In the absence of proof that under the law of Missouri a justice's court is a court of record, the presumption would be that it was not. But even if it be treated as a court of record, in order to properly authenticate, under the act of Congress, proceedings had in that court, it should appear either that there was a clerk of the court, in which case he should authenticate the proceedings, or that the justice was himself ex-officio clerk, in which case he should as clerk authenticate the proceedings. It is clearly inferable from the transcript as a whole that the court was not a court of record, and that it had no clerk either in the person of the judge ex-officio or otherwise. The method of authentication under the act of Congress was not applicable in the present case, and the attempt to comply with the same was therefore futile. The judgment not being authenticated under the great seal of the State of Missouri, it was not authenticated in any way as required by law; and the judge did not err in refusing to admit the same in evidence.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring.*