## PARKER *v.* CRAMTON.

1. In a suit for a breach of warranty of title to real estate, a plea which set up that the plaintiff could, for a small stated amount, have settled a suit brought by third parties against him to recover an undivided one-third interest in the land, and that the warrantor should not be held liable for a sum greater than such amount, was demurrable.
2. If title to land was warranted in a conveyance thereof, and there was a breach of warranty as to an undivided one-third interest, by reason of a

recovery of such an interest from the warrantee by third parties, in a suit for the breach it furnished no defense to plead that the defendant was informed that the plaintiff "finally adjusted the matter" by selling the property at an advance of $20,000 over what he had paid for the land, so that he lost nothing. Enhancement in value accrued to the benefit of the vendee, not that of the vendor.

3. In a suit for breach of warranty of land, a plea which set up that the plaintiff had settled with the warrantor of the defendant for a stated sum, and that this operated to release the defendant from liability on his warranty, but which did not show for what amount the person settled with would have been liable, or the extent of the injury, if any, done to the defendant by the making of such settlement, was demurrable.

4. If a record of a judicial proceeding in a foreign State is certified in accordance with Civil Code (1910) section 5824 (following the provisions of the act of Congress in regard to certifying court records or judicial proceedings from one State to another), it is admissible in evidence in this State, although it is not authenticated under the great seal of the other State, under section 5819.

5. None of the other grounds of the motion for a new trial require a reversal, and there was no error in directing a verdict for the plaintiff.

MAY 12, 1915.

Action for breach of contract. Before Judge Park. Greene superior court. July 30, 1914.

F. J. Cramton brought suit against W. J. Parker, alleging in substance as follows: On January 25, 1905, Parker executed to the plaintiff a warranty deed to certain real estate in Alabama, for which the plaintiff paid $10,250. On December 25, 1905, certain persons brought suit in equity against Cramton in the city court of Montgomery Alabama, a court having proper jurisdiction, claiming a one-third undivided interest in the property under a paramount title. Notice of the suit was served on Parker, and a demand was made that he defend the title. He failed and refused to do so. In this he acted in bad faith, after having for a valuable consideration covenanted so to do; and he has caused the plaintiff unnecessary trouble and expense. Protracted litigation resulted. Under an interlocutory decree the property was sold, and the proceeds placed in the hands of a trustee to stand in lieu of it. Finally a decree was rendered against the plaintiff in the present suit, awarding to the complainants in that suit an undivided one-third interest in the proceeds in lieu of the land. The plaintiff sought to recover, on account of the breach of warranty, one third of the purchase-price paid by him to the defendant for the land, with interest from the date of the deed, $500 attorney's fees alleged to have been necessarily expended by him in defending the action in Ala-

bama, and the sum of $526.09 costs of court. It was alleged that by the law of Alabama, where a warrantor of title to real estate is notified of the filing of a suit attacking it, the judgment or decree in such case is conclusive against him on his warranty.

The defendant answered. The thirteenth and fourteenth paragraphs of the answer were as follows: "Further answering, this defendant says that the plaintiff had the opportunity of settling with the claimants to the one-third (1/3) interest in the property for fifty ($50.00) dollars; and having failed and refused to do so, this defendant in no event would be liable for more than fifty ($50.00) dollars. Defendant is informed, and upon information and belief alleges, that plaintiff finally adjusted the matter by selling the property at an advance of some $20,000.00 over what he paid for it, and that he has lost nothing on account of the transaction." By amendment the defendant alleged as follows: "The measure of plaintiff's damage, if anything, would be the difference between what he paid for the land and what he got for it. That in point of fact plaintiff realized more for the land than he paid for it, and therefore sustained no damage." On demurrer the paragraphs were stricken, and exceptions pendente lite were filed. At the close of the evidence the presiding judge directed a verdict for the plaintiff. A motion for a new trial was denied, and the defendant excepted.

*Noel P. Park* and *John J. & Roy M. Strickland,* for plaintiff in error.

*Ball & Sanford, F. B. Shipp,* and *J. P. Brown,* contra.

LUMPKIN, J. 1. The defendant pleaded that the plaintiff had an opportunity to settle with the claimants of the one-third interest in the property for $50, but failed and refused to do so, and therefore that the defendant was not in any event liable for more than that sum. This is an effort to apply the rule, that where one is injured by a breach of contract he is bound to lessen the damages as far as practicable by the use of ordinary care and diligence (Civil Code (1910) § 4398), to a case to which it is not applicable. When sued, the warrantee was not bound to compromise. Had he done so without the agreement of the warrantor, the latter would doubtless have declined to be bound by it, and set up that there was no right to recover against him, because there was no ouster but a voluntary settlement to which he was not a party.

2. If there was a breach of warranty as to an undivided interest in the land, that the balance may have enhanced in value and may have been sold by the warrantee at an advanced price would furnish no defense to the warrantor in a suit for the breach. Increase in value after the sale and warranty is a benefit accruing to the vendee, not to the vendor. The paragraph of the plea which set up that the defendant was informed "that plaintiff finally adjusted the matter by selling the property at an advance of some $20,000.00 over what he paid for it, and that he has lost nothing on account of the transaction," was properly stricken.

3. The defendant pleaded, that, after the plaintiff had made claim against him for a breach of warranty, the plaintiff settled with the warrantor of the defendant for $1,000, and released him, and that this operated to release the defendant. This plea was properly stricken. The case was not one of releasing one of two joint contractors, and thereby releasing the other. The defendant, as warrantor of the plaintiff, and the warrantor of the defendant were not joint contractors. Each was liable to the extent of his warranty. But this might be in different amounts. The amount of the purchase-money paid to the defendant and covered by the warranty from his vendor was not alleged. If settling with him would operate as a release of the defendant on his warranty, on the ground that there would be a liability over to the extent of the former warranty, it would only be a release pro tanto. If the liability of the former warrantor was only for $1,000, it certainly should not release the defendant for a greater breach. The plaintiff conceded a credit to the extent of $1,000, the amount collected by him.

4. A record of a judicial proceeding of another State, certified in accordance with Civil Code (1910) § 5824, is admissible in evidence in this State, although the great seal of the other State is not attached. The section cited and section 5819 have been held not to conflict with each other. *Sloan* v. *Wolfsfeld,* 110 *Ga.* 70 (35 S. E. 344).

5. None of the other grounds of the motion require a new trial. If the fifth ground of the amended motion for a new trial is sufficient in form to raise a legal question, which is doubtful, it is apparently controlled in principle by the decision in *Chattanooga, Rome & Columbus R. Co.* v. *Jackson,* 86 *Ga.* 676 (13 S. E. 109).

Objection was made to including attorney's fees in the verdict; but the presiding judge certified that it was admitted by counsel for the defendant that if defendant was liable at all, he was also liable for attorney's fees as claimed. Moreover, there was evidence as to the law of Alabama, where the land was situated, and where the warranty deed was made, touching the measure of recovery in such a case. The defendant introduced no evidence. There was no error in directing a verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*