COPELAND *v.* JORDAN; *et vice versa.*

GEORGE, J. 1. This case was before this court at the October term, 1915, and it was then ruled that "While the evidence in this case was somewhat vague, that introduced by the plaintiff was sufficient to withstand a motion for a nonsuit, and it was error to sustain such motion." 144 *Ga.* 636 (87 S. E. 1034). On the trial now under review the evidence was not materially different from that introduced upon the first trial. The court refused to award a nonsuit, but on the close of the plaintiff's evidence, the defendant having offered no evidence, the court directed a verdict for the defendant. Under the prior ruling of this court in this case, the refusal of a nonsuit was proper, but it was erroneous to direct a verdict for the defendant.

2. If on the conclusion of the plaintiff's evidence a prima facie case for recovery has not been made, the grant of a nonsuit, and not the instruction of a verdict for the defendant, is the proper practice. There is a substantial difference, materially affecting the rights of a plaintiff, between the award of a nonsuit and the direction of a verdict against him. *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262).

3. Counsel for the defendant in error request a review of the case just cited and of decisions supporting the ruling there announced; but we are satisfied with the soundness of the rule of practice as there stated, and the request is declined.

4. Where on the trial of an action for land it becomes material to show possession, and the character thereof, by one who is alleged to have died in possession, the report of the appraisers returning the land as a part of his estate is immaterial and irrelevant and can not be used to show such possession or define its extent. Such report was properly excluded from the evidence. *Tripp* v. *Fausett,* 94 *Ga.* 330 (21 S. E. 572)'.

5. The judgment on the main bill of exceptions being reversed, we proceed to deal with the assignments of error made in the cross-bill. On the trial of a case of the character indicated in the last preceding note, letters by officials and agents of the county in which the land was located, addressed to the plaintiff's grantor, and asking permission to go upon the land and construct a canal across it, are immaterial and irrelevant and can not be used in evidence to show possession by such grantor.

6. In such case a letter shown to have been received through the mails, addressed to one of plaintiff's grantors and signed in the name of the defendant, "per Erwin," there being no proof of the execution of the letter by the defendant, was erroneously admitted in evidence over the objection that the execution of the letter by the defendant had not been shown. *Freeman* v. *Brewster,* 93 *Ga.* 648 (6), 649 (21 S. E. 165); *Kent* v. *Wadley &c. Ry. Co.,* 136 *Ga.* 857, 859 (72 S. E. 413).

7. Generally, declarations by a party in his interest are inadmissible in evidence; but where one is shown to have been in possession of land, declarations made by him while his possession was continuing, to the effect that he was the owner of the land, are admissible to show the adverse character of his possession. Civil Code (1910), § 5767.

8. Where receipts and vouchers signed by the heirs at law of an intestate are filed with and as a part of the returns of an administrator, examined by the ordinary of the county having jurisdiction of the administration, and by him adjudicated to be entitled to record, and are without objection duly entered of record, a certified copy of such receipts and vouchers, or the original record if a certified transcript be not demanded, is admissible whenever relevant and material to any issue in any court of law or equity in this State. Whenever the returns of an administrator are thus admitted to record, a certified transcript thereof, and not the original, is properly receivable in evidence upon the trial of an issue involving the due administration of the estate.

9. Prior to the act of 1866 known as the married woman's act, a wife's share of her deceased father's estate, who died intestate, having been reduced to the husband's possession, passed to and vested in her husband; and this was so as to her share in realty as well as personalty, by the act of 1789, she having married since February 22, 1785. *Cain* v. *Furlow*, 47 *Ga.* 674; *Royston* v. *Royston*, 21 *Ga.* 161; *Findley* v. *Sasser*, 62 *Ga.* 177; *Hudgins* v. *Chupp*, 103 *Ga.* 484 (30 S. E. 301); *Hooper* v. *Howell*, 52 *Ga.* 315; *Sterling* v. *Sims*, 72 *Ga.* 51.

10. It follows that a receipt given by a husband in 1861 and duly attested as required by law, fully acquitting the administrator for the distributive share of the wife in the estate of her father, who died intestate in 1857, and without objection admitted to record by the ordinary of the county of the administration in 1863 as the return of the administrator, was properly admitted in evidence (a certified transcript not having been demanded) over the objection that the authority of the husband to execute the receipt had not been shown.

11. A county map, its authenticity and accuracy not being called in question, is admissible in evidence in a trial of a suit for land, for the purpose of identifying the land involved; but notations and entries thereon made by strangers to the title, designating the land involved as belonging to the grantors of plaintiff, are inadmissible in evidence; and the jury should be instructed to disregard such notations and entries, if they can not be physically eliminated.

12. Further assignments of error in the cross-bill of exceptions, not herein specifically dealt with, are without merit.

*Judgment reversed on both bills of exceptions. All the Justices concur, except Fish, C. J., absent.*

Nos. 437, 466. JANUARY 16, 1918. REHEARING DENIED FEBRUARY 16, 1918.

Complaint for land. Before Judge Mathews. Bibb superior court. June 12, 1917.

*Jordan & Lane* and *N. F. Culpepper*, for plaintiff.

*Napier & Maynard* and *Feagin & Hancock*, for defendant.