## 19256. HANSARD v. POOL.

DECIDED JANUARY 15, 1929. REHEARING DENIED MARCH 2, 1929.

*Wheeler & Kenyon,* for plaintiff.

*Vandiviere & Tallant, H. B. Moss,* for defendant.

BLOODWORTH, J. Under the provisions of section 20, article 7, of the banking act approved August 16, 1919 (Ga. L. 1919, p. 160), an assessment was made against W. N. Pool Jr., as owner of three shares of stock in the Farmers and Merchants Bank of Cumming, which was then in the hands of the superintendent of banks for liquidation. An execution was issued against said Pool, which was signed "T. R. Bennett, Superintendent of Banks, by E. A. Thompson, Asst. Superintendent of Banks of the State of Georgia," and it was transferred by the superintendent of banks and levied upon certain realty as the property of Pool. Pool filed an affidavit of illegality, alleging that the execution was proceeding illegally, on certain grounds. The only portion of the affidavit of illegality which is urged in this court by counsel for Pool is that which alleges that the assistant superintendent of banks has no right "to make assessments against or to issue executions against stockholders of insolvent banks." On the trial of the affidavit of illegality in the superior court counsel for the plaintiff tendered in evidence the execution, and the following objection was urged against it: "We object to the fi. fa. on the ground we don't consider it a legal fi. fa., because it was issued by T. R. Bennett, Superintendent of Banks, by E. A. Thompson. It doesn't say assistant, just says something of banks of the State of Georgia. I can't read it to see what it is. We don't see that E. A. Thompson has any right to issue it. I can't make out what it is." After the court had admitted the execution and the transfer thereof, and without the introduction of any other evidence, a verdict was directed in favor of the defendant in fi. fa., Pool.

The execution was "fair upon its face," and, nothing to the contrary appearing, this court will assume that the assessment was properly made. The banking act, supra, section 10, provides for the appointment of an assistant superintendent of banks with authority to perform such duties as may be assigned to him by the superintendent. The affidavit of illegality having stated affirmatively that the assistant superintendent had no authority to issue the execution, the burden was upon the affiant to establish this fact by proof. This he failed to do. See *Thompson* v. *Fain,* 139 *Ga.* 310 (2), 312 (77 S. E. 166), and cit.; *Doerflinger* v. *Nelson,* 76 *Ga.* 101(a); *James* v. *Edward Thompson Co.,* 17 *Ga. App.* 578 (2) (87 S. E. 842). The principles announced in *Deariso* v. *Mobley,* 38 *Ga. App.* 313 (2, 3, 4) (143 S. E. 915), are applicable to this case.

The court erred in directing a verdict for the defendant in fi. fa.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

ON MOTION FOR REHEARING.

BLOODWORTH, J. A motion for rehearing was made in this case on the ground that the court overlooked the ruling and judgment of the Supreme Court in the case of *Horton* v. *State,* 112 *Ga.* 27 (37 S. E. 100), and the case of *McCaskill* v. *Chattahoochee Fertilizer Co.,* 167 *Ga.* 802 (146 S. E. 830), upon the only point involved in the instant case, and that had the ruling of this court been kept within the rulings of the Supreme Court, the result in this case would have been different and the judgment of the trial court would have been affirmed.

The case of *Horton* v. *State,* supra, is by its facts clearly differentiated from the case under consideration. In *McCaskill* v. *Chattahoochee Fertilizer Co.,* supra, a rehearing was granted, and in its final determination of that case the Supreme Court held: "Under the act of 1919 (Ga. L. 1919, p. 135 et seq.), creating the department of banking, etc., it is the duty of the superintendent of banks to take charge of the assets and business of insolvent banks and make an assessment upon the stockholders of such bank, and, if any stockholder notified shall fail or refuse, after notice, to pay such assessment within thirty days, to issue execution for the amount of such assessment, etc. The signing of an execution under the act of 1919, supra, is a clerical or ministerial act which can be delegated by the superintendent of banks. Properly con-

strued, the act is broad enough in its terms to authorize the superintendent of banks to appoint an assistant superintendent of banks, or agent, to perform such duties as shall be assigned him by the superintendent. The superintendent can delegate to such assistant, or agent, the duty of issuing and signing executions in pursuance of assessments made by the superintendent. This authority may be exercised by signing such executions in his own official capacity, or by the agent affixing to them the official signature of the superintendent of banks and adding the word ' by,' and then adding his own official signature. . . The main act of *assessment* was done by the State superintendent of banks himself, and the act of issuing the execution was done by the assistant superintendent as a ministerial or clerical act, which would not render the execution void."

*Rehearing denied. Broyles, C. J., concurs. Luke, J., absent.*