## Lewis et al. v. Bowen.

Candler, Justice. "When at the conclusion of the evidence offered for the plaintiff it appears that he has failed to make out a prima facie case, it is error to direct a verdict for the defendant on which final judgment can be entered; but the court should award a nonsuit, thereby reserving

to the plaintiff the right to institute 'a subsequent action for the same cause,' if he so desires." *Hines* v. *McLellan,* 117 *Ga.* 845 (1) (45 S. E. 279). To the same effect, see also Code, § 110-310; *Exposition Cotton Mills* v. *Western & Atlantic R. Co.,* 83 *Ga.* 441 (2) (10 S. E. 113); *Barnes* v. *Carter,* 120 *Ga.* 895 (48 S. E. 387); and *Bright* v. *Cudahy Packing Co.,* 192 *Ga.* 584 (15 S. E. 2d, 880).

(*a*) The evidence, oral and documentary, introduced by the plaintiffs in the instant case did not make out a prima facie case for any of the relief sought by them, but, on the contrary, completely disproved their case as laid; and in *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674), this court said: "If the petition sets out a cause of action, and the plaintiff proves every fact charged, but, on cross-examination or otherwise, disproves his right to recover, by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, then a nonsuit should be granted."

(*b*) When the plaintiffs finished introducing their evidence and rested their case, the defendant, before offering any proof, moved for a directed verdict in his favor, which was granted, and exception was properly taken thereto. No specific assignment of error was made on the ground that the court, instead of directing a verdict for the defendant, should have granted a nonsuit. As the plaintiffs failed to prove their case, the judgment overruling their motion for a new trial will not be reversed, but, in the exercise of the power possessed by this court under the provisions of Code § 6-1610, direction is given that the plaintiffs have leave to vacate the verdict and to substitute therefor a judgment of nonsuit in lieu of the judgment entered on the verdict. If this is not done within 15 days after the remittitur from this court is filed in the office of the clerk of the superior court, then this affirmance is to operate unconditionally.

*Judgment affirmed with direction. All the Justices concur.*

No. 17706. Submitted January 15, 1952—Decided January 29, 1952.

*Wm. J. Neville* and *W. G. Neville,* for plaintiffs.

*Fred T. Lanier* and *Robert S. Lanier,* for defendant.