18268. SEYMOUR *v.* SEYMOUR, Administrator.

CANDLER, Justice. On application therefor, J. Luther Seymour, as administrator of J. Zoras Seymour's estate, obtained an order from the court of ordinary authorizing him to sell at public outcry a described tract of land in Elbert County, consisting of 141.45 acres, more or less, as the property of his intestate's estate. Pursuant thereto, he advertised the land for sale on the first Tuesday in April, 1952. J. L. Seymour, Jr., proceeding under Code § 113-1801 and before sale day, filed an affi-

davit with the ordinary in which he claimed the saw timber growing and standing on the intestate's land, and the ordinary, complying with the mandate of Code § 113-1802, transmitted his claim affidavit to the Superior Court of Elbert County for trial. On the trial, the claimant sought to show his title to the saw timber presently growing and standing on the intestate's land, by his oral purchase of it during 1940 from the intestate who, in making such sale, acted for his wife, Mrs. Georgia Seymour, then owner of the land, but, as the claimant's evidence shows, without any written authority from her to do so. The defendant offered no evidence, and on his motion therefor, after the claimant had rested, the court directed a verdict in his favor and against the claimant. In due time, the claimant moved for a new trial, basing his motion on the usual general grounds, and later amended it by adding two other grounds. Special ground one of the amendment complains of the direction of a verdict for the defendant, alleging in this ground of the motion that the judge, since the defendant offered no evidence, should have disposed of the case by a judgment of nonsuit, and not by a directed verdict for the defendant, if the claimant had failed to make out a prima facie case. And in special ground two the movant alleges that the court erred in directing a verdict for the defendant, since the claimant's evidence, with those reasonable deductions or inferences which the jury was authorized to draw therefrom, was sufficient to make out a prima facie case in his favor. The amended motion was denied, and the judgment refusing a new trial recites: "After claimant had concluded the introduction of evidence in support of his claim, and rested, the administrator moved the court for a directed verdict. Subsequent to announcement by the court that the motion would be granted and prior to return of verdict no effort was made to dismiss or withdraw the claim." The exception is to the judgment denying a new trial. *Held:*

1. This case is controlled by the ruling in *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279), in which this court unanimously held: "When at the conclusion of the evidence offered for the plaintiff it appears that he has failed to make out a prima facie case, it is error to direct a verdict for the defendant on which final judgment can be entered; but the court should award a nonsuit, thereby reserving to the plaintiff the right to institute 'a subsequent action for the same cause,' if he so desires. Civil Code [1895], § 5347; *Exposition Cotton Mills* v. *W. & A. R. Co.,* 83 *Ga.* 441 (2) [10 S. E. 113]." In this connection and to the same effect, see also Code (1933) § 110-310; *Hanson* v. *Crawley,* 51 *Ga.* 529; *Eady* v. *Napier,* 96 *Ga.* 736 (22 S. E. 684); *Zipperer* v. *Mayor &c. of Savannah,* 128 *Ga.* 135 (57 S. E. 311); *Equitable Mfg. Co.* v. *J. B. Davis Co.,* 130 *Ga.* 67, 71 (4) (60 S. E. 262); *Williams* v. *Perry,* 136 *Ga.* 453 (71 S. E. 886); *Copeland* v. *Jordan,* 147 *Ga.* 601 (95 S. E. 13); *Lewis* v. *Bowen,* 208 *Ga.* 671 (68 S. E. 2d, 900), and citations. The decision in *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538 (17 S. E. 663), wherein it is ruled that, "where the plaintiff fails to make out a case and the presiding judge, after so deciding announces that he intends to direct a verdict for the defendant, thus giving the plaintiff an opportunity to take a nonsuit or dismiss his petition, neither of which is done, and the case is then disposed of by directing a verdict, there is no error," is in conflict

or out of harmony with the older decisions rendered in *Hanson* v. *Crawley* and *Exposition Cotton Mills* v. *W. & A. R. Co.,* supra; and since the decisions in these last-mentioned cases were rendered by a full bench, they must be followed by us as controlling precedents. Code § 6-1611; *Calhoun* v. *Cawley,* 104 *Ga.* 335 (1) (30 S. E. 773); *Holliday* v. *Price,* 146 *Ga.* 782, 784 (92 S. E. 533). In *Copeland* v. *Jordan,* supra, this court refused to review and overrule *Equitable Mfg. Co.* v. *Davis,* supra, and prior cases supporting the ruling there announced, which includes, of course, *Hanson* v. *Crawley, Exposition Cotton Mills* v. *W. & A. R. Co.,* and *Hines* v. *McLellan,* supra. Said the court in *Hanson's* case: "A defendant has not the right to ask the court to direct the jury to give him a verdict on the conclusion of plaintiff's evidence, because the plaintiff has not made out his case. He may move for a nonsuit, which a court might properly grant, or the defendant could go on to the jury with the evidence already before them, and claim that he is entitled to a verdict on the ground that no case is made out against him. But the court will not, on motion, summarily order a verdict for defendant. A motion for a nonsuit at that stage of the trial is the proper way to raise the question before the court, whether there is sufficient evidence to authorize or sustain a verdict."

(a) There is no merit in the contention that the rule above announced is not applicable in a claim case having the character of the one presently before us.

(b) The evidence, oral and documentary, introduced by the claimant did not make out a prima facie case for the relief sought by him. It failed to show a valid contract of purchase and sale for the saw timber presently growing and standing on the intestate's land.

2. As the claimant failed to prove his case, the judgment denying his amended motion for new trial will not be reversed, but, in the exercise of the power possessed by this court under the provisions of Code § 6-1610, direction is given that the claimant have leave to vacate the verdict and to substitute therefor a judgment of nonsuit in lieu of the judgment entered on the verdict. If this is not done within 15 days after the remittitur from this court is filed in the office of the clerk of the superior court, then this affirmance is to operate unconditionally.

*Judgment affirmed with direction. All the Justices concur, except Atkinson, P. J., not participating.*

SUBMITTED JULY 13, 1953—DECIDED SEPTEMBER 15, 1953.

*J. T. Sisk,* for plaintiff in error.

*A. S. Skelton, Stapleton & Williford,* contra.