35593. YOUNGBLOOD, administrator, *v.* LOGAN *et al.,* by next friend.

CARLISLE, J. F. E. Youngblood, as administrator with the will annexed of the estate of Hester D. Youngblood, filed a petition in the Court of Ordinary of Walker County, seeking to sell, for the purpose of distribution and payment of debts, a one-half undivided interest in certain described real and personal property. Barbara Logan and Martha Logan, minors, by their next friend, J. C. Logan, filed their caveat to the petition to sell. Upon the trial of the case in the court of ordinary, the application to sell was denied. On appeal to and a trial de novo in the Superior Court of Walker County, the trial court directed a verdict against the application to sell. The administrator's motion for a new trial, based on the usual general grounds and seven special grounds,

was denied, and he has brought the present writ of error to this court to have that judgment reviewed.

1. From the pleadings and the evidence adduced upon the trial in the superior court, it appears that the Logan children are the sole legatees under the will of Hester D. Youngblood; documentary evidence showed title to certain of the real estate to have been held jointly in the names of Hester D. Youngblood and F. E. Youngblood; other documentary evidence showed title to another tract of land to have been held in the maiden name of Hester D. Youngblood. It appears that, as to this latter tract, F. E. Youngblood claims a one-half undivided interest by virtue of his having paid off a note due on the land by his wife after their marriage. It also appears that he claims that he and his wife held this latter tract as tenants in common; that his wife became indebted to him by virtue of his having placed the following improvements on that tract of land: in November 1941 he graded the yards, for which he claims $150; in December 1941 he built a garage, for which he claims $750; in August 1944 he built a fence, for which he claims $200; in September 1946 he built a shop, for which he claims $1,500; in November 1949 he made an addition to a chimney, for which he claims $25. It appears that these are all the debts outstanding against the estate, and that he as administrator has $200 or $300 in the bank belonging to the estate. There was no evidence of a necessity to sell for distribution, and at the close of the plaintiff's evidence the trial court directed a verdict against the application to sell. We think that the evidence, which we have detailed above, demanded the verdict. There was no showing of a necessity to sell for the purposes of distribution; and we think there was a total failure to show any necessity for selling for the purposes of paying debts, as the evidence fails to establish any debts owed by the estate. There was no competent evidence of any contract between the husband and the wife whereby he was to have a one-half undivided interest in the land by the payment of her note to the bank, which was due on the land, and the payment is to be presumed as a voluntary payment of the debt of another, and like the improvements made on the land is to be presumed a gift. *Bell* v. *Bell,* 154 *Ga.* 850 (115 S. E. 645); *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (25 S. E. 176).

2. The trial court announced its intention of directing a verdict in the case, and the administrator made no motion to voluntarily dismiss his case or request that a nonsuit be entered instead. Under these circumstances, there was no error in directing the verdict. *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538 (2) (17 S. E. 663); *Watson* v. *Barnes,* 125 *Ga.* 733 (54 S. E. 723).

3. As the verdict directed was demanded, the remaining assignments of error, which were not waived, require no consideration, and the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 18, 1955—REHEARING DENIED JUNE 1, 1955.

*Frank M. Gleason,* for plaintiff in error.

*Walter B. Shaw, Shaw & Shaw, Maddox & Maddox,* contra.