19542. SMITH *v.* ROBINSON *et al.*

Argued November 14, 1956—Decided December 5, 1956.

*Claud M. Hicks, J. Douglas Henderson,* for plaintiff in error.
*R. M. Reed, Reed & Ingram, J. G. Roberts,* contra.

ALMAND, Justice.   Mrs. Earle Carter Smith filed an equitable petition against V. A. Robinson and others, seeking to require four of the defendants to specifically perform a contract for the sale of a described tract of real estate, wherein it was alleged that the defendant John Clyde Randall had entered into a contract with the plaintiff to sell her a tract of land, and that the defendants V. A., P. H., and W. N. Robinson had purchased said tract from Randall with notice of the plaintiff's contract.   On the trial of the case before the court and a jury on April 11, 1956, the court granted a nonsuit as to P. H. and W. N. Robinson, and directed a verdict and entered a judgment for the defendant V. A. Robinson.   The court also directed a verdict in favor of the plaintiff against Randall, who, though served, was in default, for the amount of earnest money paid by the plaintiff to him.   The plaintiff filed a motion for new trial, assigning error on the granting of the nonsuit as to P. H. and W. N. Robinson, and on the direction of the verdict as to V. A. Robinson.   The court, on the hearing of this motion, dismissed the same as to P. H. and W. N. Robinson, and denied it as to V. A. Robinson.   The plaintiff by bill of exceptions assigns error only on the denial of the motion for new trial as to V. A. Robinson.

■   The defendants in error move to dismiss the bill of exceptions, because (a) John C. Randall, a party defendant in the trial court, is not a party to the bill of exceptions; (b) there is no assignment of error on the order dismissing the motion for a new trial as to P. H. and W. N. Robinson; and (c) to reverse the order denying a new trial as to V. A. Robinson would be of no benefit to the plaintiff in error.

There is no merit in either of these grounds.   The only relief sought by the plaintiff against Randall was a money judgment.   The only error complained of is the direction of a verdict in favor of the defendant V. A. Robinson, denying the plaintiff specific performance.   In the event of a reversal as to V. A. Robinson, no interest of Randall would be affected, for the reason that all the relief sought against Randall was ended in the final judgment

against him, and whatever relief might be obtained against V. A. Robinson would not affect the interest of Randall. There is a valid assignment of error on the order denying the plaintiff's motion for new trial as to V. A. Robinson, and the failure to assign error on the order dismissing the motion for new trial as to the other defendants, or that a reversal of the case as to V. A. Robinson would not benefit the plaintiff in error, does not constitute ground for a dismissal of the writ of error.

■ The sole question before us is, whether or not the trial court erred in directing a verdict in favor of V. A. Robinson. This court will in no case undertake to pass upon the questions presented by a bill of exceptions, when, even if the answers be favorable to the complaining party, such ruling could not possibly result in any substantial benefit to such party. *Arrington* v. *Cherry,* 10 *Ga.* 429 (4); *Benton* v. *Singleton,* 114 *Ga.* 548 (4) (40 S. E. 811, 58 L. R. A. 181); *Davis* v. *Jasper,* 119 *Ga.* 57 (1) (45 S. E. 724). It appearing from the record that the plaintiff is seeking to compel the three Robinsons, as tenants in common, to make her a deed conveying real estate that they held under a deed to them from Randall, and that a nonsuit had been granted as to two of the tenants in common, even if the judgment directing a verdict in favor of V. A. Robinson, the other tenant in common, was reversed, it would not benefit the plaintiff, for the reason that on a retrial of the case she would not be able to proceed with the case because of the absence of two of the parties whose presence as defendants would be essential to her prayer for specific performance by the conveyance to her of all the interest of the three defendants in the property; therefore this court will not reverse the judgment directing such verdict.

■ A defendant does not have the right to ask the court to direct a verdict in his favor on the conclusion of the plaintiff's evidence, because if the plaintiff has not made out a case against him, he may move for a nonsuit, or go to the jury with the evidence before them and claim that he is entitled to a verdict on the ground that no case is made out against him, but the court will not on motion order a verdict for the defendant. *Hanson* v. *Crawley,* 51 *Ga.* 528 (1); *Exposition Cotton Mills* v. *Western & Atlantic R. Co.,* 83 *Ga.* 441 (2) (10 S. E. 113). Direction is given that the plaintiff have leave to vacate the verdict and sub-

764

stitute a judgment of nonsuit as to the defendant V. A. Robinson. If this is not done within 15 days after the remittitur from this court is filed in the office of the clerk of the superior court, then this affirmance is to be unconditional. *Seymour* v. *Seymour*, 210 *Ga.* 49 (1) (77 S. E. 2d 433).

Judgment affirmed on condition. All the Justices concur.