19527. DURDEN *et al.* v. HENDERSON.

WYATT, Presiding Justice. G. B. Henderson, Sr., filed in the Court of Ordinary of Irwin County his petition to probate in solemn form the alleged nuncupative will of E. C. Henderson. The petition was filed against Cleolas Brown Durden, et al., the defendants named being all of the heirs at law of the deceased except the petitioner, who was his

brother. The defendants filed their caveats, contending in substance that E. C. Henderson did not make the alleged nuncupative will; that, at the time the alleged will was purported to have been made, deceased had opportunity to have the will reduced to writing; that he was not of sound and disposing mind and memory; that he had attempted to make a prior written will; and that the disposition alleged to have been made by the will was not a logical disposition. The case was duly appealed to the superior court. At the conclusion of the evidence for the propounder, the caveators moved for a directed verdict. This motion was denied. The case then went to a jury, and the jury returned a verdict in favor of the will. The plaintiffs in error within the time provided by law filed their motion for a judgment notwithstanding the verdict. This motion was denied. A motion for new trial was filed and denied. The exceptions here are to the above enumerated judgments. *Held:*

1. The motion for a judgment notwithstanding the verdict can not be considered. "This case is controlled by the ruling in *Hines* v. *McLellan*, 117 *Ga.* 845 (45 S. E. 279), in which this court unanimously held: 'When at the conclusion of the evidence offered for the plaintiff it appears that he has failed to make out a prima facie case, it is error to direct a verdict for the defendant on which final judgment can be entered; but the court should award a nonsuit, thereby reserving to the plaintiff the right to institute "a subsequent action for the same cause" if he so desires.' " *Seymour* v. *Seymour*, 210 *Ga.* 49 (1) (77 S. E. 2d 433). See also cases there cited. Since a motion for a directed verdict is a prerequisite to a motion for a judgment notwithstanding the verdict under Code (Ann. Supp.) § 110-113, and there was no legal motion for a directed verdict in the instant case, the motion for a judgment notwithstanding the verdict cannot be considered.

2. The questions raised by the caveators as the basis for their motion for new trial under the general grounds, and the one special ground complaining of the admission in evidence of the alleged nuncupative will, are without merit, provided there was competent evidence as to the manner and time of making the alleged nuncupative will. We deem it unnecessary to set out the evidence here, but it is sufficient to say it was sufficient for the jury to find that all of the requirements of Code § 113-502 were complied with. This being true, all questions raised by the caveators were questions of fact to be determined by the jury. The deceased died of lung cancer. The testimony of the physician was sufficient for the jury to determine that the deceased realized that he would not recover. The evidence disclosed that the alleged nuncupative will was made forty days before his death. It further appeared, however, that the will was made at a time when the deceased had been advised by a doctor that he should go to the hospital; that he did at that time go to the hospital, and remained there until just a few days before his death. Under these circumstances, all questions raised by the caveators were questions of fact for the determination of the jury under proper instruction by the trial judge. See *Harp* v. *Adams*, 142 *Ga.* 5 (82 S. E. 246). The beneficiaries under the will were the only living brother of the deceased and his wife. This was not, of course, an

unreasonable disposition of his property. It follows from what has been said above, the judgment complained of was not erroneous.

*Judgment affirmed. All the Justices concur.*

Submitted November 13, 1956—Decided January 15, 1957.

*J. C. McDonald, McDonald & McDonald,* for plaintiffs in error.
*Murphey Rogers, W. R. Mixon,* contra.