36879. SOUTHWIND TRUCKING COMPANY, INC. *v.* HARVEY.

36880. PUBLIC NATIONAL INSURANCE COMPANY *v.* HARVEY.

CARLISLE, J. 1. "By the terms of the Practice and Procedure Act, as amended in the November-December Session of the General Assembly in 1953, it is a condition precedent to a motion for judgment notwithstanding the verdict that a motion for a directed verdict must have been made and denied." *National Life & Accident Ins. Co. v. Goolsby,* 91 *Ga. App.* 361, 363 (85 S. E. 2d 611). Ga. L. 1953, Nov.-Dec. Sess., pp. 440-444 (Code, Ann., § 110-113). Such a motion for a directed verdict must have been a legal motion made at a time when the party making it had a right to have a directed verdict. *Durden v. Henderson,* 212 *Ga.* 807 (1) (96 S. E. 2d 362).

2. A motion for a directed verdict may be made by the defendant only after the defendant has introduced some evidence. At the conclusion of the plaintiff's evidence, the only appropriate judgment that the court can enter if the plaintiff has failed to make out his case is a judgment of nonsuit which allows the plaintiff, if he so desires, to bring his case again. *Exposition Cotton Mills v. Western & Atlantic R. Co.,* 83 *Ga.* 441 (2) (10 S. E. 113); *Eady v. Napier, Worsham & Co.,* 96 *Ga.* 736 (3) (22 S. E. 684); *Hines v. McLellan,* 117 *Ga.* 845 (1) (45 S. E. 279); *Zipperer v. Mayor &c. of Savannah,* 128 *Ga.* 135 (4) (57 S. E. 311); *Equitable Mfg. Co. v. Davis,* 130 *Ga.* 67 (4) (60 S. E. 262); *Williams v. Perry,* 136 *Ga.* 453 (2) (71 S. E. 886); *Copeland v. Jordan,* 147 *Ga.* 601 (2) (95 S. E. 13); *Lewis v. Bowen,* 208 *Ga.* 671 (68 S. E. 2d 900); *Seymour v. Seymour,* 210 *Ga.* 49 (1) (77 S. E. 2d 433). This rule is applicable whether or not the defendant afterward introduces any evidence (*Durden v. Henderson,* 212 *Ga.* 807

716

supra), the rationale being that before a verdict of a jury may be authorized there must be some evidence upon which to base it. *Stotesbury* v. *Lanier*, 42 *Ga.* 120; *Burdell* v. *Blain*, 66 *Ga.* 169; *Doerflinger* v. *Nelson*, 76 *Ga.* 101; *Sprinz* v. *Frank, Heyman & Rhine*, 81 *Ga.* 162 (1) (7 S. E. 177); *Horne* v. *Rodgers*, 103 *Ga.* 649 (3) (30 S. E. 562); *Brown* v. *Conner*, 141 *Ga.* 622 (81 S. E. 901); *Crawford* v. *Irwin*, 211 *Ga.* 241, 246 (4) (85 S. E. 2d 8); *Hansard* v. *Pool*, 39 *Ga. App.* 109 (147 S. E. 153); *City of LaGrange* v. *Frosolona*, 52 *Ga. App.* 232 (183 S. E. 99).

3. Under the foregoing principles of law, where the only assignments of error made in the bills of exceptions before this court are on the ruling and judgment of the trial court overruling and denying the defendant's motion for a directed verdict and on the judgment overruling and denying the motion for a judgment notwithstanding the verdict, and where it appears from the writ of error and from the record before this court that such latter motion was based on the motion for a directed verdict made at the conclusion of the plaintiff's evidence, where no evidence was introduced by the defendant, such assignment of error presents no question for consideration by this court, and, accordingly, the judgment of the trial court must be affirmed. *Durden* v. *Henderson*, 212 *Ga.* 807, supra.

4. The contention of the plaintiff in error that the ruling in *Youngblood* v. *Logan*, 92 *Ga. App.* 107, 108 (2) (88 S. E. 2d 173) is controlling of the question as to whether a motion for a directed verdict may properly be made at the conclusion of the plaintiff's evidence is without merit. The *Youngblood* case cited and relied on *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (2) (17 S. E. 663), but as pointed out in *Seymour* v. *Seymour*, 210 *Ga.* 49, supra, the ruling in that case is out of harmony with the older full bench decisions of *Hanson* v. *Crawley*, 51 *Ga.* 528, and *Exposition Cotton Mills* v. *Western & Atlantic R. Co.*, 83 *Ga.* 441, supra, which must be followed by this court as controlling precedents.

*Judgments affirmed. Gardner, P. J., concurs. Townsend, J., concurs specially.*

DECIDED OCTOBER 31, 1957—REHEARING DENIED
NOVEMBER 22, 1957.

*A. Walton Nall, Nall, Sterne, Miller, Cadenhead & Dennis, Dennis Pierce, Pierce & Ranitz, Joseph O. Saseen, Earl J. Van-Gerpen,* for plaintiffs in error.

*John C. Wylly, Lewis, Wylly & Javetz,* contra.

TOWNSEND, J., concurring specially on rehearing. From the standpoint of logic I agree with what is said in the brief of the plaintiff in error in the motion to rehear, which is in substance as follows: Where the case has closed (both plaintiff and defendant having rested, although the defendant has not elected to offer any evidence) and where the plaintiff's evidence not only fails to make out his case as laid but affirmatively disproves his right to a recovery, a verdict is demanded for the defendant, and the trial court should be empowered to direct such verdict regardless of whether or not the defendant elected to offer evidence. This is the effect of the decision in *Parker* v. *Cramton,* 143 *Ga.* 421 (85 S. E. 338) and *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 558 (17 S. E. 663). However, the decision in *Seymour* v. *Seymour,* 210 *Ga.* 49 (77 S. E. 2d 433) disapproves that part of the *Etowah Iron Co.* case which held it proper to direct a verdict under similar circumstances where the plaintiff "failed to make out a case" and follows a ruling in *Exposition Cotton Mills* v. *Western & Atlantic R. Co.,* 83 *Ga.* 441 (10 S. E. 113) where a verdict was absolutely demanded for the defendant because the plaintiff admitted that the defendant did not cause the damage sued for. It also follows *Hanson* v. *Crawley,* 51 *Ga.* 528, which states that the defendant has one of two alternatives—to move for a nonsuit or to argue to the jury that the plaintiff has failed to make out his case. See also *Smith* v. *Robinson,* 212 *Ga.* 761, 763 (95 S. E. 2d 798). This constitutes a ruling that in the situations there involved the court had no authority, at that stage of the proceedings, to direct a verdict even though the evidence demanded it in favor of one of the parties.

Should a jury case come to trial and both plaintiff and defendant rest without offering any evidence, it could not be referred to the jury nor could the court direct a verdict because there is no evidence on which a verdict might be predicated. Should a jury case come to trial and the plaintiff introduce some evidence and then rest, the case could not at that stage be referred to a jury or the judge direct a verdict because the de-

fendant has not yet elected whether or not to introduce evidence. But, should a jury case come to trial and both plaintiff and defendant rest, although the defendant elected not to offer any evidence after the plaintiff had offered some, such a case is ready for the jury. It is my opinion that, whenever a case is ready for submission to the jury, that stage of the trial has been reached where the court, under the provisions of Code § 110-104 should, if the evidence demands a verdict for either party, direct a verdict for that party, and that his refusal to do so would lay the foundation for a motion for a judgment notwithstanding the verdict. The court may under such circumstances direct a verdict for the plaintiff although the defendant has introduced no evidence. *Murphy* v. *Davis*, 122 *Ga.* 306 (50 S. E. 99) ; *Solomon* v. *Bateman-Freeman Co.*, 173 *Ga.* 776 (161 S. E. 357). It would be illogical and unjust to hold that in such a situation the court has authority to direct a verdict for the plaintiff when the evidence demands it, but has no authority to direct a verdict for the defendant when the evidence demands a finding that the plaintiff is not entitled to recover.

The record here fails to show that the defendant rested his case before making the motion for a directed verdict. Likewise, in the *Seymour, Exposition Cotton Mills, Hanson* and *Etowah Iron Co.* cases it does not appear that the defendant closed before making the motion. In such a case, even after the motion is made, the defendant may still offer evidence if he desires, for which reason a nonsuit and not a directed verdict is the proper ruling to be sought. Since I find no case where, the defendant having offered no evidence but *having also rested his case* at the conclusion of the plaintiff's evidence, it is held that a motion for a directed verdict is improper, I concur here only because this record does not disclose that the defendant had in fact rested his case at the time the motion was made.